## Brown's Auto Salvage v. Beverly Piche

[491 A.2d 1041]

No. 84-094

Present: Allen, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 29, 1985

*Christopher H. Howe,* Fair Haven, for Plaintiff-Appellee.

*Beverly R. Piche,* pro se, Burlington, Defendant-Appellant.

**Hill, J.** The plaintiff, Brown's Auto Salvage, brought an action in small claims court against the defendant, Beverly Piche, seeking to recover the purchase price of an automobile engine sold to her. The trial court entered judgment for the plaintiff. We affirm in part and remand the case for further proceedings.

In November of 1983, defendant purchased from the plaintiff an engine for her daughter's car. The parties agreed to a price of $416.00, and plaintiff accepted a check as payment. A few days later, the engine was delivered to the defendant. Upon inspection of the engine, the defendant decided that it was not complete as it lacked external components such as an alternator and a carburetor. Defendant notified plaintiff of this alleged deficiency, and requested a partial refund. Plaintiff refused to give defendant a partial refund, but offered to take back the engine and refund the purchase price. The defendant kept the engine, however, and cancelled payment on her check. A week later, she sent plaintiff a second check for a hundred dollars less than the agreed-upon purchase price. This check was never cashed by plaintiff. The engine was then placed in defendant's daughter's car. The plaintiff subsequently brought this action to recover the purchase price.

The defendant alleges on appeal that the trial court erred in rendering judgment for the plaintiff without making a finding on whether the engine was complete as delivered. Since the absence of a resolution of this issue does not affect the court's judgment on the plaintiff's claim, its judgment on this claim is affirmed.

Pursuant to 9A V.S.A. § 2—607 (1), a buyer of goods "must pay at the contract rate for any goods accepted." According to 9A V.S.A. § 2—606 (1),

Acceptance of goods occurs when the buyer

    (a) After a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their non-conformity; or

    (b) fails to make an effective rejection (subsec. (1) of § 2—602), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or

    (c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.

In the instant case, the court found that the defendant accepted the engine by refusing to return it and by placing it in her daughter's automobile. Thus, regardless of whether the engine was complete, it was accepted and the seller is entitled to recover the agreed-upon purchase price.

    The defendant, however, in her answer, disputed the plaintiff's claim by stating: "The engine as sold to me by Mr. Brown [, plaintiff,] was, and is incomplete and is not as represented." This allegation was sufficient to raise a claim alleging a breach by the plaintiff. Under the provisions of 9A V.S.A. §§ 2—714 to 2—715, if the defendant can prove that the engine delivered did not comply with the terms of the parties' agreement, the plaintiff is in breach, and the defendant is entitled to recover damages for her losses. Evidence was presented below by both parties on the issue of the engine's completeness. Although the court below made findings of fact on its own initiative, it failed to make a finding on the issue raised by the defendant's claim. The court thus failed to address a critical issue in the case, and a remand on this issue will be ordered. See *Kopelman* v. *Schwag*, 145 Vt. 212, 214, 485 A.2d 1254, 1255 (1984); *Strong* v. *Strong*, 144 Vt. 44, 46, 472 A.2d 1245, 1247 (1984).

    *Affirmed in part and remanded for further proceedings.*