### Ellden Hislop v. Robert Duff

[502 A.2d 357]

No. 84-007

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed September 27, 1985

*Joseph C. Palmisano* and *Raymond J. Obuchowski*, Barre, for Plaintiff-Appellee.

*Bernasconi & Koch*, Barre, for Defendant-Appellant.

**Hayes, J.** This case involves a dispute concerning the purchase and sale of a leaky camper-trailer. The defendant-buyer, Robert Duff, appeals from a trial court judgment for the plaintiff-seller, Ellden Hislop, for the unpaid balance of the sale price. We remand for a new trial on buyer's counterclaims based on breaches of warranty and affirm in all other respects.

The facts of this case are simple. In the fall of 1979, Ellden Hislop left a used 1972 camper-trailer with Bernard Brooks to sell it for him. Mr. Brooks managed a gas station and also sold trail-

ers. Mr. Brooks showed the camper to Mr. Duff, who was interested in purchasing it. Duff inspected the trailer and became aware that the camper leaked. Both Mr. Brooks and Mr. Hislop told Duff that the leak was in the roof vent and that caulking would solve the problem. Duff, a carpenter who worked in the construction business, was familiar with the caulking process. In June, 1980, Hislop and Duff entered into an agreement whereby Hislop was to sell the camper to Duff for $1,200.00. Duff gave Hislop $300.00 on June 20, and agreed to pay the balance on October 1.

The buyer caulked the vent but was unable to seal the leak. Consequently, he refused to tender the $900.00 balance owed on the camper. The seller brought suit to recover the unpaid balance.

In his responsive pleadings, the buyer raised several affirmative defenses. He claimed that he revoked acceptance, 9A V.S.A. § 2-608, and that the seller breached the warranty of title, 9A V.S.A. § 2-312. Buyer also claimed that seller had breached both an express warranty under 9A V.S.A. § 2-313(1)(a), and an implied warranty of fitness for a particular purpose, 9A V.S.A. § 2-315.

The trial court entered judgment for the seller for $900.00, the unpaid balance of the sale price, and against buyer's counterclaim for recovery of storage costs.

■ The buyer contends on appeal that various findings of the trial court are either unsupported by or contrary to the evidence. First, buyer claims that the trial court failed to make a finding that Bernard Brooks was an agent of the seller. By arguing that Mr. Brooks was both a merchant of camper-trailers and the seller's agent, it may be that buyer hoped to assert a claim based on breach of implied warranty of merchantability, 9A V.S.A. § 2-314, which requires merchant status. This particular warranty claim, however, was not raised in the proceedings below. The Supreme Court will not consider an issue raised for the first time on appeal. *State v. Chambers*, 144 Vt. 234, 242, 477 A.2d 110, 114 (1984).

■■ Second, the buyer contends the trial court erred in its findings relating to the alleged breach of warranty of title. Under 9A V.S.A. § 2-312, a contract for the sale of goods contains an implied warranty that the seller has good title. In this case, the Department of Motor Vehicles initially refused to register the camper because a bank lien holder had not released a lien. The

seller obtained the necessary release when the title problem was brought to his attention. Consequently, the trial court found that the breach of warranty of title was nominal. Even if we assume that the title problem was not cured immediately, the trial court's finding that it was is nothing more than harmless error. The parties admitted at oral argument that the buyer was not precluded from using the camper-trailer prior to the cure of the title defect, even though it remained registered in the seller's name.

Third, buyer asserts that the trial court erred in finding that the goods were not rejected within a reasonable time after delivery. Under 9A V.S.A. § 2-602, rejection of goods must be within a reasonable time after their tender or delivery, and rejection is ineffective unless the buyer seasonably notifies the seller. In this case, the buyer took and maintained possession of the camper-trailer for nine months before notifying seller of his rejection. This is neither a reasonable time for rejection nor a seasonable notification. Under 9A V.S.A. § 2-606(1)(c), an acceptance of goods occurs when the buyer does any act inconsistent with the seller's ownership. Duff's holding the trailer for nine months was inconsistent with Hislop's ownership. Thus, an acceptance occurred, and the only claim the buyer is entitled to raise is revocation of acceptance, not rejection.

A buyer may revoke acceptance only where the claimed nonconformity substantially impairs the good's value to him. 9A V.S.A. § 2-608(1). The buyer in this case raised no theory, other than breach of warranty of title, to support his claim of revocation of acceptance. We will not consider whether he may have revoked acceptance based on a different theory. As stated earlier in this opinion, the trial court found the title defect was "nominal, not substantive." We agree. Thus, the alleged breach of implied warranty of title was insufficient to constitute a revocation of acceptance.

In sum, the buyer accepted the camper-trailer in June, 1980, and never effectively revoked his acceptance under 9A V.S.A. § 2-608. The seller is therefore entitled to the full purchase price. *Brown's Auto Salvage* v. *Piche*, 145 Vt. 485, 487, 491 A.2d 1041, 1042 (1985).

A remedy for the buyer, however, may still exist. Even though the time for rejection and the time for revocation of acceptance have passed, a buyer may be entitled to a damage remedy. In this case, the buyer in his pleadings raised claims based

on breach of express warranty, 9A V.S.A. § 2-313, and breach of implied warranty of fitness for a particular purpose, 9A V.S.A. § 2-315, by alleging that the camper-trailer, as delivered, did not conform to the terms of the contract. These claims, although asserted as "affirmative defenses," were, in fact, counterclaims for damages resulting from the nonconformity of the camper-trailer. 9A V.S.A. §§ 2-714, 2-715. The trial court should have considered them as counterclaims, V.R.C.P. 8(c), but did not do so. Thus, we must remand the case for a resolution of these claims.

Finally, buyer claims that certain other findings of the trial court are not supported by the evidence. He does not indicate, however, how he has been harmed by the claimed errors. This constitutes inadequate briefing, and we will not consider his contentions in this regard. *Quazzo v. Quazzo*, 136 Vt. 107, 111, 386 A.2d 638, 641 (1978); V.R.A.P. 28(a).

*Cause remanded for a new trial on buyer's counterclaims for damages based on breach of express warranty and breach of implied warranty of fitness; judgment is affirmed in all other respects.*