**BEN & JERRY'S HOMEMADE, INC., Plaintiff,**

v.

**FBJ DISTRIBUTION, INC., Defendant.**

**Civ. A. No. 90–155.**

United States District Court, D. Vermont.

Jan. 31, 1992.

---

Eileen M. Blackwood, Paul, Frank & Collins, Inc., Burlington, Vt., Anne Craige McNay, Douglas H. Meal, Andrew C. Pickett, Ropes & Gray, Boston, Mass., for plaintiff.

John B. Kassel, Miller, Eggleston & Rosenberg, Ltd., Burlington, Vt., for defendant.

## OPINION AND ORDER

PARKER, Chief Judge.

Ben & Jerry's Homemade, Inc., Vermont's maker of premier ice cream, filed this lawsuit seeking in Count I to recover payment for ice cream sold and delivered to its former distributor in Florida, FBJ Distribution, Inc., and in Count II a declaratory judgment concerning certain terms of the parties' distributorship agreement. Defendant filed a counterclaim seeking damages under various tort and contract theories. Plaintiff moves for summary judgment, Fed.R.Civ.P. 56(a), and entry of final judgment, Fed.R.Civ.P. 54(b), on Count I of the complaint.

It is not contested that plaintiff delivered certain quantities of ice cream to defendant in August and September of 1989, that defendant accepted the shipments, and that an unpaid balance of $139,828.66 remains outstanding for those shipments. Defendant, far from denying these facts, asserts that it was induced to make the purchases based upon certain representations by plaintiff and that it has withheld payment as an offset for the damages flowing from plaintiff's termination of the distributorship agreement.

Summary judgment may be entered where "there is no genuine issue as to any material fact" and where "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Defendant suggests there may be factual issues in dispute related to the nature of the distributorship agreement and the understandings of the parties concerning the defendant's financial difficulties, but does not suggest any dispute over the particulars of the August and September 1989 shipments of ice cream or the amounts owed therefor. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The Uniform Commercial Code, adopted as Vermont law in Title 9A of the Vermont Statutes, permits a seller to recover the price of goods accepted by the buyer "[w]hen the buyer fails to pay the price as it becomes due." 9A V.S.A. § 2–709(1). The buyer is obligated to pay at the contract rate for any goods accepted. § 2–607(1). "Where a tender has been accepted ... the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." § 2–607(3)(a). See *Brown's Auto Salvage v. Piche*, 145 Vt. 485, 491 A.2d 1041 (1985).

Furthermore, § 2–717 provides that "[t]he buyer on notifying the seller of his intention to do so may deduct all or any part of the damages resulting from any breach of the contract from any part of the price still due under the same contract."

■ Defendant has offered no evidence that it notified plaintiff that it intended to withhold payment for the ice cream shipped in 1989 as a set-off for damages resulting from plaintiff's breach; § 2–717 is therefore inapplicable. Nor is there evidence presented that defendant notified plaintiff within a reasonable time of the shipments—or at any time for that matter—of any breach that bears directly on these shipments. Rather, defendant claims only that plaintiff is barred from recovery "by reason of having induced FBJ, through its promises, to develop, operate and expand its distributorship in return for Ben & Jerry's promise that the distributorship would continue [and] because it led FBJ to expect to have the right to sell all or part of its business to a qualified purchaser, and then refused to accept a qualified purchaser when the opportunity arose." Defendant's Affirmative Defense to Plaintiff's Complaint. These claims pertain not to the shipments at issue but to the defendant's general rights under the distributorship agreement. They are not sufficient to raise a defense, under the Uniform Commercial Code, to an action for payment at the contract rate for goods accepted by the buyer. See *Omark Industries, Inc. v. Lubanko Tool Co.*, 266 F.2d 540, 541 (2d Cir.1959); *Electro–Catheter Corp. v. Surgical Specialties Instrument Co.*, 587 F.Supp. 1446, 1456–57 (D.N.J.1984).

Accordingly, there are no disputed issues material to resolution of Count I of the complaint and plaintiff is entitled to judgment in its favor on that count as a matter of law. Plaintiff's motion for summary judgment on Count I is GRANTED.

■ The court sees no cause, however, for entry of final judgment on Count I.

Rule 54(b) permits the entry of final judgment as to one or more claims in a multiclaim action "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Application of the rule is disfavored as it may lead to piecemeal appeals. "[T]he entry of a Rule 54(b) order is not to be done lightly, that is, as a courtesy or accommodation to counsel, but only in the infrequently harsh case." *T.S.I. 27, Inc. v. Berman Enterprises*, 115 F.R.D. 252, 256 (S.D.N.Y.1987). Nothing in the record suggests to the court that this case is of the "infrequently harsh" variety, or that plaintiff will suffer hardship or injustice through delay.[1] The motion for entry of final judgment on Count I of the complaint is DENIED.

## CONCLUSION

Plaintiff's motion for summary judgment on Count I of the complaint (docket # 4) is GRANTED. Enforcement of the judgment is stayed pending resolution of the remaining claims between the parties.

---

**1.** The court notes that one reason advanced in support of plaintiff's motion for partial final judgment—the *res judicata* effects such an order would create in related litigation between the same parties in Florida—is now moot as the Florida suit has been transferred to this district and consolidated with this case.