2004 VT 59

**KINGSTON PIPE INDUSTRIES, INC.
v. CHAMPLAIN SPRINKLER, INC.
and Bruce Pelkey**

[857 A.2d 767]

No. 03-271

¶ 1. June 15, 2004. Champlain Sprinkler, Inc., and company president Bruce Pelkey (together Champlain) appeal a summary judgment decision of the Franklin Superior Court granting Kingston Pipe Industries, Inc. (Kingston) damages in the amount of $14,093.28, attorney's fees, and court costs. Champlain contends that summary judgment was improper because there is a genuine issue of material fact about whether Kingston was in breach of warranty for defects in its pipe and, if so, whether Champlain's costs to cure the defects should offset the damages. We reverse.

¶ 2. In reviewing a summary judgment decision, we use "the same standard as the trial court, and affirm the granting of a motion for summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Springfield Hydro-electric Co. v. Copp*, 172 Vt. 311, 313, 779 A.2d 67, 70 (2001) (internal quotations and citation omitted); V.R.C.P. 56(c)(3). Additionally, we regard all allegations made in opposition to the motion as true if supported by affidavit or other evidence, *LaShay v. Dep't of Social & Rehabilitation Servs.*, 160 Vt. 60, 62, 625 A.2d 224, 225-26 (1993), and thus summarize the facts as advanced by appellant.

¶ 3. Champlain installs fire protection sprinkler systems. Kingston is a specialty pipe supplier that offers prefabricated, ready-to-install sprinkler systems. In the fall of 2000, Pelkey ordered custom pipe from Kingston to install in the Vermont Agency of Transportation's Colchester garage. Champlain admits that it accepted but never paid for the pipe order.

¶ 4. On July 10, 2002, Kingston filed a complaint against Champlain and a motion for trustee process in Franklin Superior Court to collect payment for the pipe. In its complaint, Kingston claimed, inter alia, that Champlain breached its contract with Kingston by refusing to pay for the pipe it received. In its answer Champlain raised, as affirmative defenses, failure of consideration and that "[t]he materials were defective."

¶ 5. The court (Judge Teachout) heard Kingston's motion for trustee process on August 22, 2002. At the hearing, the court explained that "the purpose of the [trustee] hearing is to determine whether or not there is a reasonable likelihood of recovery" and asked Champlain whether there were "any defenses to the issuance of the trustee process." Champlain's counsel responded that his client had "received defective products and the offset [of accommodating those defects] outweighs any monies that [Kingston] would be receiving."

¶ 6. At the hearing, Pelkey testified regarding the pipe's defects and Champlain's costs to remedy those defects. He testified that the general contractor at the Colchester job site notified him that the pipe was rejected by the State of Vermont because it was "full of rust inside and out." Pelkey then notified Kingston Pipe. However, Kingston had no replacement pipe available, nor could Pelkey find another supplier in time to complete the job. So instead, Champlain attempted to fix the pipe by removing the rust. After Champlain cleaned and installed the pipe, some of the pre-threaded joints began to leak. Champlain ultimately had to reinstall the pipe four times, and replace leaking joints by cutting off threaded fittings and installing welded pipe joints. Pelkey also pro-

vided an itemized list showing that the total cost to fix the defects exceeded the purchase price of the pipe. Based on the facts presented, the court held that Kingston did not have a reasonable likelihood of success on the merits and denied Kingston's motion for trustee process.

¶ 7. Four months later, Kingston filed a motion for summary judgment arguing that Champlain could not avoid payment because it accepted the pipe, knowing it was rusty. In support of the motion, Kingston submitted a portion of Pelkey's testimony from the trustee process hearing, but omitted the five pages of his testimony detailing Champlain's costs to cure defects in the pipe. Champlain answered by citing to the Uniform Commercial Code, 9A V.S.A. § 2-714 (buyer's damages for breach caused by nonconformity of tender) and § 2-717 (deduction of buyer's damages from purchase price). Champlain also submitted an affidavit from Pelkey swearing to the factual allegations contained in its response to summary judgment, but did not submit the missing five pages of Pelkey's testimony.

¶ 8. The court (Judge Pearson) awarded summary judgment to Kingston, concluding that under *Brown's Auto Salvage v. Piche*, 145 Vt. 485, 491 A.2d 1041 (1985), Champlain accepted the rusty pipe when it installed it and, therefore, as a matter of law could not later complain about the rust or raise an offset defense. Additionally, the court held that since the allegedly defective threading was not discovered until after installation, Champlain could only claim incidental or consequential damages, and then only as a counterclaim. Having failed to mount such a compulsory counterclaim, see V.R.C.P. 13(a), the court refused to consider damages caused by the allegedly defective threading. This appeal followed.

¶ 9. The parties first dispute whether Champlain met its burden, as the nonmoving party under Rule 56(e), to submit credible documentary evidence or affidavits sufficient to rebut the evidence of the moving party. See *Boulton v. CLD Consulting Eng'rs, Inc.*, 2003 VT 72, ¶ 5, 175 Vt. 413, 834 A.2d 37 (in summary judgment nonmoving party may not rest on allegations in pleadings, but must persuade court, based on evidence in record, that there is a triable issue of fact). Clearly Pelkey's testimony from the trustee process hearing regarding defects in the pipe, and Champlain's cost to cure those defects, raises a genuine issue of material fact regarding damages incurred by Champlain. Kingston Pipe argues that Champlain is precluded from using that testimony since it failed to resubmit the relevant portions in support of its answer to summary judgment.

¶ 10. We long ago determined, however, that the date evidence is submitted to the court is "immaterial" for purposes of summary judgment. *Pierce v. Riggs*, 149 Vt. 136, 138, 540 A.2d 655, 657 (1987).

> [W]hen entertaining a Rule 56 motion for summary judgment, the trial court is required to consider the entire setting of the case, including the affidavits, depositions, admissions, answers to interrogatories and similar material on file to determine the existence of a genuine issue of material fact. . . . Therefore, the entire record is to be considered.

*Id.* As we decide summary judgment motions under the same standard as the trial court, the Court will consider the full evidentiary record, including all of Pelkey's testimony in the initial trustee process hearing.

¶ 11. The remaining issue is whether Champlain is precluded from claiming those damages as a defense to Kingston's collection action, either because Champlain accepted the pipe knowing of the rust nonconformity or because it failed to

assert a compulsory counterclaim for thread defects discovered after acceptance. This question is easily resolved under *Brown's Auto Salvage.* In that case, the defendant ordered a car engine for her daughter's car. Upon delivery and inspection the defendant decided the engine was not complete because it lacked external components. She notified the seller, installed the engine in the car, and sent the seller a check for a hundred dollars less than the agreed upon price. *Brown's Auto Salvage*, 145 Vt. at 486, 491 A.2d at 1041. The Court held that, pursuant to 9A V.S.A. § 2-607(1) (acceptance of goods), by installing the engine despite the nonconformity the defendant had accepted it and therefore owed the seller the contract price. *Id.* at 487, 491 A.2d at 1042. Nonetheless, because the defendant had answered plaintiff's claim with an allegation that the engine was defective and not as represented, the Court also found that defendant's "allegation was sufficient to raise a [counter] claim alleging a breach by the plaintiff." *Id.* The Court further noted that if the defendant could prove the breach at trial then she was entitled to recovery under the provisions of 9A V.S.A. §§ 2-714 and 2-715. *Id.* Therefore, although it affirmed the summary judgment decision ordering defendant to pay the contract price for the engine, the Court also remanded for consideration of her counterclaim for damages caused by seller's breach. *Id.*

¶ 12. Here, defendants Pelkey and Champlain have consistently responded to Kingston's motions by alleging defect and nonconformity — both as to the rust and the threading issues — and a right to recover damages resulting from said defects pursuant to 9A V.S.A. §§ 2-714 (buyer's damages) and 2-715 (buyer's incidental and consequential damages). Not only were these allegations sufficient to state a claim for breach of contract as in *Brown's Auto Salvage*, 145 Vt. at 487, 491 A.2d at 1042, they were also pled as

an affirmative defense in Champlain's answer to the original complaint. Such a defense may be treated as a counterclaim. See V.R.C.P. 8(c) ("When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."). Furthermore, Champlain's cost to cure the alleged defects was the subject of substantial testimony and one of the primary legal issues debated during the hearing on trustee process. See V.R.C.P. 15(b) ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

¶ 13. Therefore, we conclude that Champlain gave adequate notice of its cause against Kingston. Champlain supported these claims with evidence in the form of Pelkey's testimony. Because this evidence raises a genuine issue of material fact on these claims, the court erred by dismissing the case without addressing these claims.

¶ 14. Champlain also raises an issue not present in *Brown's Auto Salvage*, that it has the right to deduct damages resulting from Kingston's breach from the agreed upon contract price for the pipe. See 9A V.S.A. § 2-717 (authorizing buyer to hold payment and deduct for damages caused by seller's breach). Champlain argued this as an affirmative defense from the start, and supported it with evidence in the form of Pelkey's testimony that he timely notified Kingston of the breach and his intent to deduct damages. See *id.* Thus, because Champlain raised a genuine issue of material fact pursuant to a valid claim under § 2-717, summary judgment awarding Kingston damages equal to the full purchase price of the pipe was improper.

¶ 15. Finally, given our decisions above, the court's summary judgment

award of damages, attorney's fees, and court costs in favor of Kingston must be vacated.

*Reversed.*