2005 VT 126

**In re Appeal of Isaac COWAN (Town of Richmond, Appellant)**

[892 A.2d 207]

No. 04-461

¶ 1. December 13, 2005. The Town of Richmond appeals from a decision of the Vermont Environmental Court granting summary judgment in favor of Isaac Cowan. This case arose from Cowan's request that the zoning administrator revisit the determination of the floodplain elevation on his property based on engineering surveys Cowan had commissioned. The administrator declined Cowan's request, and the Development Review Board (DRB) upheld the administrator's decision. Cowan appealed to the environmental court, and the court

granted summary judgment in his favor. On appeal, the Town contends that the court's decision contravenes the principles of finality by improperly allowing a collateral attack on the Town's prior unappealed zoning decisions. We affirm, and hold that Cowan is entitled to a new determination based on his engineering surveys.

¶ 2. Cowan owns a one-acre parcel of land on Snipe Island Road in the agricultural/residential district of the Town. Snipe Island Brook bisects the property in a direction roughly parallel to, and 100 feet east of, the road, at an elevation approximately 30 feet below the road. Some portion of the property to the west of the brook is located within the flood hazard overlay district surrounding the brook. This district consists of "all areas identified as areas of special flood hazard (Zone A) on the most current Flood Insurance Rate Maps (FIRM) and on the Flood Boundary and Floodway Maps created by the Federal Emergency Management Agency (FEMA). These are areas within the 100-year flood plain." Town of Richmond Zoning Regulations § 6.8.2 (2004) [hereinafter Richmond Zoning Regulations].

¶ 3. In November 2000, Cowan applied for a zoning permit to construct a retaining wall on his property, and to fill in behind the wall and regrade the slope. Cowan's application stated that the wall would be built outside of the floodplain. The zoning administrator determined the location of the floodplain based on the FIRM, and approved the application with certain conditions. Without meeting all of the permit conditions or appealing them, Cowan constructed the wall in February 2001.

¶ 4. In August 2001, the zoning administrator sent Cowan a notice of violation indicating that the retaining wall was not constructed in compliance with the permit conditions and was within the flood hazard overlay district. Cowan did not appeal the notice of violation. In April 2002, the Town initiated an enforcement action in the environmental court, seeking injunctive and monetary relief for the retaining wall violation. In June 2003, the court granted summary judgment in favor of the Town on the issue of the existence of the retaining wall violation, noting that Cowan had failed to appeal the notice of violation. The court, however, reserved the question of injunctive relief.

¶ 5. In January 2004, Cowan submitted a request to the zoning administrator to revisit the determination of the floodplain elevation on his property based on engineering surveys that he had commissioned. The administrator declined Cowan's request, and the DRB upheld the administrator's decision. Cowan appealed to the environmental court, and the parties submitted cross-motions for summary judgment.

¶ 6. In September 2004, the court granted summary judgment in favor of Cowan. The court noted that although the zoning regulations define the flood hazard overlay district as consisting of floodplain areas on the most current FIRM and FEMA maps, the regulations also specifically provide that these "[s]urvey maps may be inaccurate and surveying of an individual parcel may reveal additional land not within the floodplain." Richmond Zoning Regulations § 6.8.2. The court thus concluded that the zoning administrator's prior determination, based on the FIRM, that the retaining wall was within the flood hazard overlay district did not preclude Cowan from subsequently commissioning an engineering survey to identify additional land not within the floodplain. Accordingly, the court remanded the matter to the DRB for a determination of the extent and location of the floodplain based on the engineering surveys. The court and the parties agreed that the earlier enforcement action would remain

on inactive status pending the DRB decision. This appeal by the Town followed.

¶ 7. "In reviewing a summary judgment decision, we use the same standard as the trial court, and affirm the granting of a motion for summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Kingston Pipe Indus., Inc. v. Champlain Sprinkler, Inc.*, 2004 VT 59, ¶ 2, 177 Vt. 484, 857 A.2d 767 (mem.) (internal quotations omitted); V.R.C.P. 56(c)(3). We defer to the environmental court's interpretation of a zoning regulation unless it is clearly erroneous, arbitrary, or capricious. *In re Weeks*, 167 Vt. 551, 554, 712 A.2d 907, 909 (1998).

¶ 8. The Town contends that Cowan is precluded from obtaining a determination from the DRB of the location of the floodplain based on new survey information. Preclusion principles apply generally to administrative law, but they do not apply where they would be incompatible with a legislative policy that a tribunal be free to independently determine the issue in a subsequent action. Restatement (Second) of Judgments § 83(1) & (4) (1982). As noted by the environmental court, the zoning regulations include two methods by which the Town can determine where the floodplain is in relation to a particular parcel. One method is by reference to the most recent FIRM. Richmond Zoning Regulations § 6.8.3 ("The Zoning Administrator shall determine whether a parcel falls within the Flood Hazard District by referring to the most recent FIRM."). The other method is by surveying the individual parcel, and the regulations acknowledge that individual surveying may show that land previously considered to be part of the floodplain based on the FIRM is not in fact part of the floodplain. *Id.* § 6.8.2 ("Survey maps may be inaccurate and surveying of an individual parcel may reveal additional land not within the floodplain."). Furthermore, the regulations state that the DRB "may obtain, review and reasonably utilize any base flood elevation and any floodway data available from federal, state and other source[s] in reviewing an application for development in the flood hazard area." *Id.* § 6.8.7(f). Thus, the regulations allow for a separate determination based on individual surveying, and nothing in the regulations places a time limit or a closure date on submission of such information or limits the submission because of an initial determination based on the FIRM. Under the Town's zoning regulations, consideration of surveying information in a subsequent case is not precluded by prior determinations.

¶ 9. The Town argues that Cowan is not entitled to review of the final determination regarding his original permit to build the retaining wall or the subsequent notice of violation, because such review would be an improper collateral attack on the final determination. The Town relies on *Town of Charlotte v. Richmond*, 158 Vt. 354, 357, 609 A.2d 638, 639 (1992), and *In re Ashline*, 2003 VT 30, ¶ 8, 175 Vt. 203, 824 A.2d 579, to argue that Cowan cannot collaterally attack a determination from which he has not appealed and which has become final.

¶ 10. It is undisputed that Cowan is in violation with regard to the retaining wall and the floodplain as defined by the original permit, from which no appeal was taken. The environmental court has already addressed Cowan's violation through the earlier enforcement action, which is a separate matter. The enforcement action, however, does not preclude Cowan from seeking a determination of the elevation of the floodplain for other purposes, an option provided in the zoning regulations and not foreclosed by the

FIRM determination.* Cowan is availing himself of the second, separate method provided by the regulations to determine the extent of the floodplain on his property. Cowan would not be permitted to use any new determination based on his surveys to dispute his violation as to the retaining wall. *In re Newton Enters.*, 167 Vt. 459, 462, 708 A.2d 914, 916 (1998).

¶ 11. The regulations regarding the flood hazard overlay district do not prevent Cowan from submitting the results of the engineering surveys. Richmond Zoning Regulations § 6.8. Therefore, Cowan is entitled to a determination of the elevation of the floodplain by the DRB based on the engineering surveys. Accordingly, the decision of the environmental court is affirmed and the matter is remanded to the DRB for a determination on the merits of the application.

*Affirmed and remanded to the Development Review Board for a determination based on the merits.*

---

* In August 2003, the zoning administrator approved Cowan's proposal to build a single-family dwelling, which included a provision for removing the retaining wall.