STATE OF VERMONT

ENVIRONMENTAL COURT

|                     |   |                         |
|---------------------|---|-------------------------|
| Town of Richmond,   | } |                         |
|     Plaintiff,      | } |                         |
|                     | } |                         |
|     v.              | } | Docket No. 102-5-02 Vtec |
|                     | } |                         |
| Isaac Cowan,        | } |                         |
|     Defendant.      | } |                         |
|                     | } |                         |

Decision and Order

This is an enforcement case related to the placement of a retaining wall on the property of Defendant Isaac Cowan. A description of the property and the resolution of other issues involved with this property, including the location of the flood plain in relation to the property, may be found in Environmental Court Docket Nos. 73-2-02 Vtec, 74-2-02 Vtec, 222-12-03 Vtec, 60-4-04 Vtec, and 105-5-06 Vtec; in Superior Court Docket No. S145-03 CnC; and in the decision of the Vermont Supreme Court in 2005 VT 126.

The Town of Richmond is represented by Mark L. Sperry, Esq.; Defendant is represented by John W. O'Donnell, Esq.; Intervenors Erica Ell and Edward Gaston are represented by David L. Grayck, Esq. The issue of whether there was a violation was concluded by this Court's decision and order of June 9, 2003, issued in this case and in Docket No. 73-3-02 Vtec. As of June 9, 2003, the only remaining issues in this enforcement case related to what injunctive relief and monetary penalty, if any, would be appropriate for the violation. However, the scheduling of a hearing on those remaining issues was suspended while litigation proceeded on the mapped and actual location of the flood plain in relation to the property.

1

Three years later, after the remaining litigation had concluded, an evidentiary hearing was scheduled in this case before Merideth Wright, Environmental Judge. At the 2006 hearing, Defendant conceded that the entire retaining wall could be treated as being within the flood plain for the purposes of this enforcement action, and agreed to the removal of the retaining wall. The Court ordered on the record of that hearing that the retaining wall was to be removed, and requested the parties to file in writing their stipulation as to the remedial methodology involved with the removal of the retaining wall. The hearing proceeded only on the issue of the appropriate penalty for the violation.

The parties were given the opportunity to submit written requests for findings and memoranda of law. Upon consideration of the parties' stipulation, the evidence, and the written memoranda and proposed findings, the Court finds and concludes as follows.

Because the parties agreed as to the removal of the retaining wall and the remedial site work required on the property, the remaining dispute is over what litigation expenses in this and in the other docket numbers should be considered in setting the penalty amount in this case. Defendant does not dispute that the penalty may account for the Town's costs of obtaining the June 2003 order, but does dispute whether the Town is entitled to any of its expenses regarding the floodplain determination based on later engineering survey work.

The June 2003 order determined that the retaining wall was built in violation of the original permit, as that permit required the retaining wall to be built outside the floodplain, defined in the Zoning Regulations by its location on the Federal Emergency Management Agency maps and the most current Flood Insurance Rate Maps. The retaining wall consists of 196 concrete blocks, each 32 cubic feet in volume and weighing 4,800 pounds. The question of whether injunctive relief requiring the removal of the retaining wall was appropriate, however, was reserved in that decision, to allow Defendant to pursue the possibility of surveying his individual parcel and applying for a revision of the floodplain

2

location on his parcel. Zoning Regulations § 6.8.2. After the survey work had been completed, the Zoning Administrator and the DRB denied Defendant's request for that revision; this Court and the Vermont Supreme Court ruled in Defendant's favor that he was entitled to a determination of the actual location of the floodplain on his property, that is, that the DRB should have reached the merits of his application based on his engineering surveys. In re Appeal of Cowan, 2005 VT 126, ¶¶10–11. The Supreme Court remanded the matter to the DRB for that determination.

None of the costs of the litigation from the June 9, 2003 order to the December 13, 2005 remand decision of the Supreme Court should be considered in the monetary penalty to be imposed in this enforcement action, as the enforcement action was simply on hold while the parties litigated whether Defendant was entitled to a determination of the actual on-the-ground surveyed floodplain pertaining to his property, as opposed to the mapped floodplain.

However, as of the remand order from the Supreme Court, the engineering determination of whether the retaining wall was in the actual surveyed floodplain (as opposed to the undisputed fact from the June 2003 decision and order that it was in the mapped floodplain) was relevant to the appropriate injunctive relief in this enforcement action. That is, it was relevant to whether all or some part of the retaining wall should have been ordered to be removed, as that issue was still being contested.

The DRB hearing on the remand order was March 8, 2006; the DRB's decision was issued on April 20, 2006. It was appealed to this court in May in Docket No. 105-5-06, and was withdrawn as moot at the merits hearing scheduled together with this enforcement case for August 2, 2006.

The Town employed an engineering firm to assist it in determining (and in evaluating Defendant's engineer's determination of) the location of the surveyed flood plain on Defendant's property. The Town's engineer came to the August 2, 2006 hearing

3

prepared to testify as to the location of the flood hazard district and that the entire retaining wall was actually in the flood hazard district, as well as to testify regarding the hazards that could result in a 100-year flood if the floodwaters were to undermine the wall and allow the concrete blocks to be deposited in the stream or to travel downstream onto other property in flood conditions. The Town's engineering costs, including the Town's costs of preparing the engineering testimony for trial, should be considered in setting an appropriate penalty in this matter.

However, the Town seeks its attorney's fees, zoning administrator's time, and engineering fees for everything it has expended on litigation involving this property, as if all the litigation were related to the enforcement action. Much of it has not been related to the enforcement action. Rather, some of that time and those fees were expended on the litigation, ultimately unsuccessful from the Town's point of view, involving whether Defendant was entitled to have the surveyed location of the flood plain evaluated on his property.

The Court has attempted to determine from Exhibits 17, 22, and 24, and the testimony of Mr. Rodjenski, which expenses can be attributed to the litigation that resulted in the 2003 court order (including the motions for summary judgment), and which expenses can be attributed to the engineering work and witness preparation regarding the surveyed floodplain location, after the remand from the Supreme Court. The Court anticipates setting a penalty that recognizes both sets of costs, but excludes costs accrued during the period from June 9, 2003 through December 13, 2005. The Court does intend to consider including an amount in recognition of the avoided costs in the delay in doing the work of removal and rehabilitation, possibly measured by the interest over time on the cost anticipated to do the work. However, it has not been possible for the Court to determine from Exhibits 17, 22, and 24, together with the testimony at the hearing, which expenses should be included and which expenses should not be included. For example, the Court

4

would not include the hour-and-a-half of Mr. Weisel's time on June 24, 2002, taken up by copying the 1982 regulations at the state offices, without more information as to why that had to be done by a professional engineer. Similarly, it is not always possible to tell from the attorney billing details what should be included; for example, none of the following entries appears to be appropriate for inclusion: the filing fee for the supreme court appeal, or the attorney's attendance at a selectboard meeting, or a telephone conference with the zoning administrator regarding a settlement offer. In addition, some details reflect the attorneys' meetings with named individuals who have not been identified in the context of this case.

The monetary penalties provided in the zoning enabling statute, 24 V.S.A. §4451 are civil and remedial in nature. Town of Hinesburg v. Dunkling, 167 Vt.514, 524 (1998). It is not sufficient, in determining an appropriate penalty, that it is within the maximum allowed by the statute or the ordinance. Rather, the Court must link the penalty to the harm caused by or the benefit obtained by the violation. Compare the factors to be considered under 10 V.S.A. §8010(b); see also State Agency of Natural Resources v. Riendeau, 157 Vt. 615, 622–23 (1991).

Accordingly, to enable the Court to assess an appropriate monetary penalty, we will give the parties the opportunity to provide the Court with annotations to Exhibits 17, 22, and 24 (and to Mr. Rodjenski's testimony) indicating their respective rationales as to why specific items should or should not be included. The parties should feel free to make photocopies of the exhibits and highlight various entries, so that they may be keyed to the text of any argument. It would similarly be helpful to indicate to which case (by use of the docket numbers listed in the first paragraph of this order) specific items pertained. Any such annotations and rationales (or any agreement as to any portion of the entries) shall be filed on or before March 9, 2007. The parties may, by agreement, extend the time for these filings and so inform the Court.

5

Therefore, in the present decision, the Court hereby imposes the agreed remedial order, and will impose a monetary penalty based on the evidence after receipt of the further filings.

As defined by the parties in their stipulation filed September 11, 2006, the term "Plan" as used in this order means the plan prepared by Trudell Consulting Engineers entitled "Isaac Cowan, Snipe Ireland Road, Richmond, Vermont, Sanitary Plan," revised to August 28, 2006, and filed with the Richmond Zoning Administrator on August 30, 2006. The term "Structures" as used in this order refers to the Proposed Garage, Breezeway, and Proposed 3-Bedroom House, and the Relocated Wall Blocks (on either side of the Proposed Garage and Proposed 3-Bedroom House) which are denoted on the Plan. The term "Line" as used in this order refers to the line defined by the locations of the stream-side edges of all Structures shown on the Plan.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Judgment is hereby entered in favor of the Town.

I. Injunctive relief is hereby granted as follows, as agreed by the parties and submitted to the Court in their stipulation:

A.      The area between Snipe Ireland Brook and a line identified by the locations of the stream-side edges of all Structures shown on the Plan (the "Line") shall be returned to the original ground condition as it existed prior to installation of the retaining wall (including seeding and mulching), as determined during removal of the retaining wall, and shall be maintained in original ground condition thereafter. Failure to remove the retaining wall and maintain thereafter the described area to original ground condition shall be grounds for contempt. The location of such Line shall be determined by reference to the scale of the Plan.

B.      The Town Zoning Administrator[1] shall be given at least ten (10) days advance written notice of commencement of the Remedial Work. A Town representative or representatives may be present during the Remedial Work to observe and verify the determination of the original ground conditions and to observe the Remedial Work. When such notice is given to the Town Zoning Administrator, a copy shall also be sent to Intervenors Ed Gaston and Erica Ell, in care of their attorney, David Grayck; they may also be present and/or have a representative or representatives present for such observation and verification purposes.

C.      The removal of the wall and the Remedial Work shall be completed and maintained as set forth herein regardless of whether the Defendant Isaac Cowan obtains all necessary permits and approvals for the construction of the Structures shown on the Plan, or for any other construction or use of the property shown on the Plan. The Town of Richmond is under no obligation, by reason of the parties' Stipulation or this Court Order, to approve the Plan and Structures referenced in the Stipulation. The purpose of Paragraph A above is to establish the location of the Line only, to provide for the return to original ground conditions as they existed prior to the installation of the retaining wall in the area between the Line and the stream, and to provide for maintenance in original ground condition thereafter. In lieu of constructing the Structures, Defendant may use any alternative retention structures uphill of the Line adequate to retain the ground uphill of the Line and to prevent it from coming over the Line into such area, provided that Defendant receives approval for such alternative retention structures from the Zoning Administrator, if such approval is required. If Defendant should employ such

---

[1] As of the time of the filing of the stipulation, the individual defined in the stipulation as the "Town administrator" was Ronald Rodjenski. This order uses the position rather than the name, so as to remain enforceable regardless of the incumbent of the position.

alternative retention structures, Paragraph A above shall apply as to the return to original ground and maintenance in original ground condition thereafter in the area between the Line and the stream.

D.      Defendant Isaac Cowan shall reimburse the Town, promptly upon receipt of invoices, for the reasonable outside consultants' fees incurred by the Town for consultants it retains to be present for such purposes during the Remedial Work, provided that Defendant shall not be required to make reimbursement for such outside consultants' fees in excess of the aggregate amount of One Thousand Dollars ($1,000.00). If any Town representatives are present during the Remedial Work who are employees of the Town, Defendant shall not be required to reimburse the Town for their time expended. This requirement as to reimbursement of consultants' fees is based on the parties' Stipulation and is in addition to and not in lieu of the penalties to be imposed by the Court pursuant to paragraph II of this Order.

E.      As provided in the Stipulation of the parties, this Order, including the obligation to remove the retaining wall and to perform the Remedial Work, and thereafter to maintain to original ground conditions, shall be binding upon the heirs, successors, and assigns of Defendant Isaac Cowan. Any party to the Stipulation may record the order of the Court in the land records for the Town of Richmond.

II. A penalty pursuant to 24 V.S.A. §4451 will be imposed for the violation, as discussed above, in a further order.

Dated at Berlin, Vermont, this 13th day of February, 2006.

_____
Merideth Wright
Environmental Judge

8