### Peter R. Jensen v. Deborah L. Jensen

[433 A.2d 258]

No. 305-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Kelley & Meub, Ltd.*, Middlebury, for Plaintiff.

*Lynch & Foley*, Middlebury, for Defendant.

**Hill, J.** The parties were divorced by a judgment order that provided joint custody of their two children. No terms governing the joint custody arrangement were set forth in the decree. The court subsequently ordered the children to remain with the mother during the week and to reside with the father weekends, and modified the support payments. The father, seven months later, moved to clarify the joint custody rights of the parties. The mother then moved for permanent custody of the children. Based on its findings, the court granted custody of the children to the plaintiff father. It is from this order that defendant appeals.

## I.

The court made findings of fact on its own initiative without a request from either party, as permitted under V.R.C.P. 52(a). Where there are no findings and none have been requested, a party is barred from complaining. *Schwartz v. Town of Norwich*, 137 Vt. 130, 131, 400 A.2d 991 (1979). Defendant claims, however, that where the court does make findings, albeit on its own initiative, they must meet the test of adequacy.

We noted in *Chittenden Trust Co. v. Maryanski*, 138 Vt.

240, 243, 415 A.2d 206 (1980), that findings are desirable because they are helpful for appellate review. Even without findings, however, "we examine the record to see whether a given result is supportable, upon the assumption that the trial court had the evidence in mind." *Quazzo* v. *Quazzo*, 136 Vt. 107, 113, 386 A.2d 638 (1978). Under such review standards the conclusion is inescapable that where the court has helped our appellate process by making findings, they must be supportable.

The trial court here made fifteen numbered findings. Findings 1 through 12 enumerate reasons why the joint custody order was unsuccessful. Finding 13 concludes that joint custody should not continue. Finding 14 concludes that frequent changes in physical custody are inherently disruptive and that a roughly equal division of physical custody is more confusing to the children than a less balanced proposition.

The court concluded in Finding 15 as follows:

> The parties have given the Court little evidence and few guidelines to assist the Court in determining which parent should more appropriately assume the full burden of legal custody. The Court therefore has been required to search the record to find seemingly minor facts to guide it to its decision.

> Based upon all of the evidence and the Court's impression of the parties gained from observing them in the courtroom and on the witness stand, the Court finds that it is in the best interests of the children that the plaintiff have legal custody.

Nowhere does the trial court point out what minor facts it found to dictate its decision. This failure to find denies us the help necessary to our appellate review. We are left to speculate as to the basis upon which the trial court made its findings and reached its decision. This we will not do. See *New England Power Co.* v. *Town of Barnet*, 134 Vt. 498, 502, 367 A.2d 1363 (1976).

## II.

Defendant also objects to the testimony of plaintiff's fiancee, contending that she is not qualified to express an

opinion regarding the children's relationship with plaintiff. Whether a person is competent to testify is a decision left to the discretion of the trial court, and we will not infringe upon that province unless the decision is clearly erroneous and prejudicial. *Dunn* v. *State Highway Board,* 135 Vt. 26, 28, 370 A.2d 626 (1977). The burden of showing reversible error is on the excepting party, *Crawford* v. *State Highway Board,* 130 Vt. 18, 25, 285 A.2d 760 (1971), and defendant failed to show that allowing the witness to testify was clearly erroneous.

### III.

■ When the trial court filed its findings, defendant, pursuant to V.R.C.P. 59, moved to amend the Findings of Fact and Order, or, in the alternative, for a rehearing on her Motion for Temporary and Permanent Custody. Defendant filed affidavits in support of the requests. The motion was denied by the trial court without hearing. In *West* v. *West,* 139 Vt. 334, 428 A.2d 1116 (1981), this Court noted that a hearing should be granted on a V.R.C.P. 59 motion when the grounds relied upon are stated with particularity and the motion is neither frivolous nor totally lacking in merit. See also *Kalakowski* v. *Town of Clarendon,* 139 Vt. 519, 431 A.2d 478 (1981). Since we reverse on other grounds, it is not necessary to determine whether the trial court applied the proper standard to defendant's motion.

*The judgment is reversed and the cause is remanded for a new trial.*