## Dennis Strong v. Irene D. Strong

[472 A.2d 1245]

No. 82-364

Present: Billings, C.J., Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed January 13, 1984

Sam Farrington, Vermont Legal Aid, Inc., Rutland, for Defendant-Appellant.

W. Michael Nawrath, Law Office of Thomas P. Whalen, Manchester Center, for Appellee Children.

Hill, J. Defendant Irene Strong appeals an order that modified the parties' divorce decree to increase the plaintiff Dennis Strong's visitation rights with the parties' children. We hold that the lower court erroneously failed to make a finding on a critical issue, and therefore reverse and remand for a new hearing.

The parties were married in 1972, and had one child. In addition, Mr. Strong adopted Mrs. Strong's two children from a previous marriage. Mr. Strong also had custody of an older child from a prior marriage.

The parties were divorced in 1981. Mrs. Strong was given custody of the three youngest children, and Mr. Strong was allowed to visit those children only in the presence of an adult. Mr. Strong sought modification of the visitation provisions to allow him to visit the three children alone.

In opposing the modification, Mrs. Strong testified that Mr. Strong had physically abused the three youngest children, had sexually abused his oldest child, and had threatened to abscond with the children if given the opportunity. Mr. Strong denied these allegations.

In its findings of fact, the court found that Mr. Strong had physically abused one of the children several times, and that he had once "slapped" another child. The court decided that Mrs. Strong had failed to prove by a preponderance of the evidence that Mr. Strong had sexually abused his oldest child. Finally, the court found it unlikely that Mr. Strong will abuse the children away from Mrs. Strong's presence. Based on these findings, the court modified the visitation decree as requested.

Mrs. Strong points out that the court erroneously failed to make a finding regarding Mr. Strong's threats to abscond with

the children, even though Mrs. Strong specifically requested the court to address this allegation.* Therefore, she argues that the lower court's findings, although not clearly erroneous, are inadequate and therefore insufficient to support the visitation modification order.

We agree with Mrs. Strong that the issue whether Mr. Strong threatened to take his children is critical to determining whether the visitation order should have been modified. The lower court addressed the allegations of physical and sexual abuse, accepting Mrs. Strong's claim of physical abuse but rejecting her claim of sexual abuse. It is possible that a finding that Mr. Strong had threatened to abscond with the children would have changed the result in this case. We have ruled that lower courts should

> plainly express the rejection of affirmative issues not proved. A doubt on the part of this Court as to whether or not the trial court had considered such an issue at all in reaching its result can generate a remand.

*Potwin* v. *Tucker,* 126 Vt. 414, 418–19, 234 A.2d 430, 433 (1967). A remand for a finding on an issue the lower court did not address will be ordered when, as here, it may change the result. *Id.* at 419, 234 A.2d at 433.

*Reversed and remanded.*

---

* Mrs. Strong also argues that the court failed to consider testimony given by one of the children, who corroborated her testimony on the issues of abuse and threats to take the children. We do not address this argument, since we reverse on the other argument raised by the appellant.