# Theda Mayer v. Alois Mayer

[475 A.2d 238]

Nos. 82-311 and 83-201

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed March 2, 1984

*Sessions, Keiner & Dumont*, Middlebury, and *Tepper & Dardeck*, Rutland, for Plaintiff-Appellant.

*John D. Hansen* and *Therese M. Corsones* of *Corsones & Hansen*, Rutland, for Defendant-Appellee.

**Underwood, J.** Plaintiff, the mother, appeals from an order of the divorce court that heard her divorce petition and awarded custody of the parties' minor child to the defendant, his father. Plaintiff also appeals from a subsequent order of the court refusing to grant her petition to modify the custody order and award her custody of the child. Both appeals were consolidated in this Court for oral argument. Because we reverse the judgment concerning custody of the minor child in the divorce action, we do not reach the court's decision in the motion to modify.

The court below made findings of fact on its own initiative even though the parties had declined to submit requests to find. This was permissible under V.R.C.P. 52(a), but findings made under these circumstances must still meet the test of adequacy. See *Jensen* v. *Jensen*, 139 Vt. 551, 552–53, 433 A.2d 258, 259–60 (1981).

The findings indicate that either party would have been appropriate as the custodial parent. After the parties separated for good in January of 1981, the child lived with his mother. First they lived with plaintiff's parents and then moved to a separate house next door. Plaintiff spent over $3,000 furnishing and repairing the house. Plaintiff has had reasonably steady employment as a waitress and bartender. She consistently made arrangements to have the child cared for when she was working. At the time of the hearing on the divorce action, a woman had moved into plaintiff's house to care for the child when plaintiff was absent. Plaintiff has been a steady resident of Dorset, Vermont, and plans to continue living there. She holds a bachelor's degree in mathematics. The trial court found that the child was happy and that there was a "loving and affectionate relationship" between him and his mother. In short, the court's findings could easily support entrusting plaintiff with custody of the child.

Likewise, defendant had much to recommend him. He is from Austria, had training there in auto mechanics and managed a ski school in West Germany. He was found to be an excellent teacher and a good cook, and he is skilled in carpentry, masonry and landscaping. Defendant has a comfortable ski chalet free of encumbrances and his net worth is approximately $216,000. He is close to the child, spends time with him and also has "a loving and affectionate relationship" with him.

Since 1974, defendant has been in the photography business, which he operates out of his home.

Without making any findings as to why the child would be better off with one parent rather than the other, the court simply concluded that it was in the child's best interest to be in the custody of defendant.

Plaintiff has briefed several issues on appeal, but since we agree that the findings are inadequate to support the judgment concerning custody and visitation, we address only that issue.

■ In *Jensen, supra,* we reversed the lower court for failing to make the key findings that tipped the scales in favor of modifying a joint custody decree so as to give one party full custody. 139 Vt. at 553, 433 A.2d at 260. Because the dispositive findings were omitted, we were "left to speculate as to the basis upon which the trial court made its findings and reached its decision, [and] [t]his we will not do." *Id.* The instant case places us in exactly that untenable position.

Recently we reversed and remanded a case to the trial court when it failed to make a "critical finding" in modifying a visitation decree. *Strong* v. *Strong,* 144 Vt. 44, 472 A.2d 1245 (1984). Similarly, we have reversed cases other than custody decrees when the findings were inadequate. *Roy's Orthopedic, Inc.* v. *Lavigne,* 142 Vt. 347, 350–51, 454 A.2d 1242, 1244 (1982) (trial court failed to make necessary findings leaving this Court to speculate on reasons for enforcing noncompetition covenant) ; *Fisher* v. *Poole,* 142 Vt. 162, 170, 453 A.2d 408, 412–13 (1982) (Court will not speculate as to facts upon which trial court reached decision ordering a party to remove an encroaching structure) ; *New England Power Co.* v. *Town of Barnet,* 134 Vt. 498, 503, 367 A.2d 1363, 1366–67 (1976) (findings failed to show how trial court reached its decision regarding fair market value of property) ; *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc.,* 134 Vt. 167, 170, 352 A.2d 676, 677 (1976) (court failed to make all material findings on condition in lease).

■ A major purpose of findings is to enable this Court, on appeal, to determine how the trial court's decision was reached. *Valsangiacomo* v. *Paige & Campbell, Inc.,* 136 Vt. 278, 280, 388 A.2d 389, 390–91 (1978) ; *Wells* v. *Village of Orleans, Inc.,*

132 Vt. 216, 221, 315 A.2d 463, 466 (1974). Therefore, the facts essential to the disposition of the case must be stated. *VanVelsor* v. *Dzewaltowski*, 136 Vt. 103, 106, 385 A.2d 1102, 1104 (1978).

 We are not convinced by defendant's argument that the findings are adequate to support the custody award. Defendant attempts to distinguish *Jensen, supra*, because in that case the record led the trial court to state expressly that it had to search the record for "minor facts" to make the custody award. The flaw in *Jensen*, however, was not that the record was weak, as defendant argues, but that the trial court failed to state those minor facts that made downweight on scales that until then hung evenly. In the instant case, the trial court never even alluded to a need to search for the dispositive or critical facts. As summarized above, the court simply portrayed a situation in which both parents seemed more than adequately qualified for permanent custody and then, with no indication why, simply awarded custody to the defendant.

 In his brief, defendant maintains that, "[t]aken as a whole, these findings reveal that [defendant] had a great deal more to offer the child over the more than fourteen remaining years of his minority and thus was the appropriate parent to whom custody should be entrusted." This is exactly the kind of after-the-fact speculation that *Jensen, supra*, prohibits. "Taken as a whole," the findings could just as easily support an award of custody to the plaintiff. Defendant urges us to adopt what is apparently the federal rule for appellate review of the adequacy of findings: "Whenever, from facts found, other facts may be inferred which will support the judgment, such inferences will be deemed to have been drawn . . . ." *Triangle Conduit & Cable Co. v. FTC*, 168 F.2d 175, 179 (7th Cir. 1948), *quoted in Zimmerman* v. *Montour Railroad Co.*, 296 F.2d 97, 98 (3d Cir. 1961), and 2 J. Moore, Moore's Manual of Federal Practice and Procedure § 23.01[2], at 23–7. We doubt the wisdom of this kind of appellate fact finding, and our cases emphatically reject it. We continue to require that trial courts, in their findings, state the dispositive or key facts in close cases.

*Judgment in No. 82-311 reversed and remanded as to custody, visitation and child support. Judgment in No. 83-201 vacated.*