## Cooley Corporation v. Champlain Valley Union High School District #15

[477 A.2d 624]

No. 83-150

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed April 20, 1984

*Robert J. Perry,* South Burlington, for Plaintiff-Appellant.

*Anthony B. Lamb* of *Paul, Frank & Collins, Inc.,* Burlington, for Defendant-Appellee.

**Underwood, J.** Plaintiff, a general contractor, sued the defendant school district for a claimed balance due under a written contract. After a bench trial the Chittenden Superior Court made findings of fact and conclusions of law and entered judgment for the defendant. Plaintiff appealed. Because the trial court failed to make a critical finding, we are compelled to reverse and remand.

Plaintiff and defendant entered into a contract under which the former would improve and construct athletic fields at Champlain Valley Union High School. The contract documents included a bid request, specifications for construction and a purchase order. The pertinent provisions of the contract included the following: (1) "The U.S. Soil Conservation Service indicates there are 1600 cu. yards of usable topsoil at the site of the proposed softball field, and will provide a guide to stripping. The remaining topsoil required for the project must be trucked in by Contractor as a part of the project;" and (2) "The topsoil shall be placed on the field areas to a compacted depth of four (4) inches. The topsoil shall be of such quality that will support vigorous, healthy plant growth and be free of stones, sticks, roots, clods or any other objectionable material . . . ." The total contract price was $36,680 of which defendant paid plaintiff $26,127 before this litigation resulted.

Prior to initiating the lawsuit, plaintiff submitted a written request for payment in the amount of $10,053. Plaintiff considered the job completed, except for final raking and removal of stones, sticks and other debris; plaintiff's request for payment allowed defendant to retain $500 for this final cleanup. When defendant refused to tender the final payment, plaintiff sued for breach of contract. Defendant denied the material allegations and advanced an affirmative defense of breach of contract. At trial the parties primarily disputed the *quality* of the topsoil; the trial court found the quality met the contract specifications, and the finding is unchallenged. There was also some evidence of dispute over the *quantity* of the topsoil. The trial court found that "[t]o comply with the contract require-

ment of 4 [inches of] topsoil on the playing field, *the total amount of topsoil needed was 2700 square* [sic] *yards."** Plaintiff argues that the emphasized language constituted reversible error. We agree.

The contract specifically requires that plaintiff make sure there were four inches of compacted topsoil on the athletic fields. The trial court, however, failed to make a finding as to whether or not the four inch requirement was met. If indeed there were four inches of compacted topsoil distributed on the fields, even though all was taken from the estimated 1600 cubic yards already on site, then plaintiff may very well have substantially complied with the contract. *VanVelsor* v. *Dzewaltowski*, 136 Vt. 103, 106, 385 A.2d 1102, 1104 (1978). The contract documents before us nowhere mention a requirement of 2,700 cubic yards of topsoil, as found by the trial court. Nor can we divine the areas of the fields and the depth of soil actually distributed to determine just where the trial court's 2,700 cubic yard figure came from. We do not understand how the trial court found a requirement of a specific volume of topsoil from this contract.

 A major purpose of findings is to make a clear statement to this Court of what was decided and how the decision was reached. *Mayer* v. *Mayer*, 144 Vt. 214, 216, 475 A.2d 238, 240 (1984); *Valsangiacomo* v. *Paige & Campbell, Inc.*, 136 Vt. 278, 280, 388 A.2d 389, 390–91 (1978). The facts essential to the case must be stated in the findings. *Mayer, supra; American Trucking Associations, Inc.* v. *Conway*, 142 Vt. 17, 23, 451 A.2d 42, 45 (1982). By failing to find whether or not the contract's four inch topsoil requirement was satisfied, the trial court omitted perhaps the single most critical finding necessary for our review. See *Strong* v. *Strong*, 144 Vt. 44, 46, 472 A.2d 1245, 1247 (1984) (court failed to make critical finding in custody modification case).

 We are mindful of the general rule that findings "shall not be set aside unless clearly erroneous . . . ." V.R.C.P.

---

\* Although this contract term is couched in terms of a "finding" by the trial court, we note that "construction of contract terms is a matter of law and not a factual determination." *Vermont National Bank v. Chittenden Trust Co.*, 143 Vt. 257, 266, 465 A.2d 284, 290 (1983).

52(a). Admittedly, this is a deferential standard of review. But the problem here is twofold: first, there is no evidence to support the court's finding that the contract called for 2,700 cubic yards of topsoil; and secondly, the court neglected to make the crucial finding of whether plaintiff did in fact place four inches of compacted topsoil on the designated areas. As in *Mayer, supra,* and *Strong, supra,* the problem is not simply the quantum of evidence needed to support a finding, but a failure to make a finding crucial to the disposition of the case. Incomplete findings leave this Court to speculate as to the factual basis for the disposition of the case, and "[t]his we will not do." *Jensen* v. *Jensen,* 139 Vt. 551, 553, 433 A.2d 258, 260 (1981); *Mayer, supra.* We have indicated that we will not engage in appellate fact finding in an attempt to justify the trial court's deficient findings. *Mayer, supra.*

█ Furthermore, without a finding on the area dimensions of the athletic fields, and the depth of topsoil actually provided, we must hold the finding that the contract required plaintiff to provide 2,700 cubic yards of topsoil as clearly erroneous. V.R.C.P. 52(a).

*Reversed and remanded.*