### Rudolph Kopelman v. Frederick Schwag

[485 A.2d 1254]

No. 83-396

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed November 2, 1984

*John M. Hall,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff-Appellant.

*Frederick Schwag,* pro se, Lyndonville, Defendant-Appellee.

**Gibson, J.** Plaintiff appeals from the denial of a motion to modify a judgment of the small claims court in favor of defendant, his former landlord. Plaintiff brought suit to recover for an overpayment of rent. He contends that the court's findings were clearly erroneous in failing to find the payment of one month's rent by plaintiff and defendant's offer to rebate three-fourths of a month's rent. We agree that the findings are inadequate and reverse.

In September, 1981, plaintiff entered into an oral agreement to lease a room from defendant for a monthly rental of $100. The court found that, when plaintiff moved out on December 7, 1981, he had paid rent for the months of September, October and November, plus a security deposit of $100. It also found that plaintiff owed $100 for unpaid electric and telephone bills. The court entered judgment for defendant without explanation as to how it arrived at this result.

Findings must be construed, where possible, to sup-

port the judgment. *Eagle Square Manufacturing Co. v. Vermont Mutual Fire Insurance Co.*, 125 Vt. 221, 224, 212 A.2d 636, 658 (1965); *Appliance Acceptance Co. v. Stevens*, 121 Vt. 484, 490, 160 A.2d 888, 892 (1960). The court's findings, however, fail to reflect a $100 rent payment made by plaintiff for the month of December, 1981, or defendant's offer to rebate $75 of December's rent on account of plaintiff leaving the premises early in the month. These oversights were brought to the court's attention in plaintiff's timely motion to modify, which the court denied without explanation. Although plaintiff left defendant's premises early in December, 1981, he left behind most of his belongings, which defendant stored in the vacated room for several weeks; however, the findings do not indicate whether the court considered this circumstance in formulating its ultimate decision. In light of the uncontested evidence, the court's findings are incomplete; had the court dealt with these matters, its result could well have changed.

■■ Defendant contends that the judgment in his favor reflects the trial court's acceptance of his unlitigious attitude, in which he asserted counterclaims only to the extent necessary to offset plaintiff's proven claims, because he did not want a money recovery from plaintiff, who is penniless. Reciting several claims that he "could have" pursued, defendant argues that any correction of the findings resulting in an award for plaintiff should merely cause a further offset because "I never did forfeit my just, rightful, and moral claim to these damages." Admirable as defendant's intentions may have been in not aggressively asserting such counterclaims, the procedural informality of small claims court, 12 V.S.A. § 5531, does not authorize this Court to make its own substantive findings. *Cooley Corp. v. Champlain Valley Union High School District #15*, 144 Vt. 341, 344, 477 A.2d 624, 626 (1984). Where the lower court did not address an issue which, as here, could change the result, a remand will be ordered. *Strong v. Strong*, 144 Vt. 44, 46, 472 A.2d 1245, 1247 (1984).

*Reversed and remanded.*