Grandview Acres Condo Assoc. v. Trudo, No. S0191-05 CnC  (Norton, J., Apr. 28, 2005)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                                    SUPERIOR COURT
Chittenden County, ss.:                                      Docket No. S0191-05 CnC

GRANDVIEW ACRES CONDO ASSOCIATION

v.

MICHAEL TRUDO and MARK LETOURNEAU

ENTRY

This matter concerns a second appeal of a small claims decision awarding $3,560 in damages and fees to the plaintiffs, Michael Trudo and Mark Letourneau. In the first appeal, defendant Grandview Acres Condo Association argued that the small claims court erred by holding it automatically responsible for repair expenses that the plaintiffs incurred in replacing their windows because of a mold problem. This court remanded for findings on whether the plaintiffs followed proper procedures in undergoing repairs to their windows or in seeking reimbursement for these repairs.

In its first hearing, the small claims court determined that the windows were common areas and were the responsibility of the condo management association under its bylaws. Grandview Acres did not contest this finding in the first appeal. This court nonetheless noted in dicta that it agreed with this finding. See Trudo v. Grandview Acres Condo Assoc., No. S1211-04 CnC, slip op. at 2 n.1 (Dec. 10, 2004) (Norton, J.). Now in its second appeal, Grandview Acres argues that the small claims court's finding regarding the windows was erroneous. It also argues that the small claims court's finding with regard to how the plaintiffs proceeded by repairing the windows at their own expense and demanding payment was also erroneous. Finally, Grandview Acres argues that the evidence was insufficient to support the small claims court

findings regarding damages.

With respect to whether the windows were common areas, the court declines to decide this issue. For reasons of judicial economy, it is inappropriate to raise on a second appeal what a party could have raised in an earlier appeal. Courts have labeled this prudential rule as either "forfeiture" or "waiver," but in any event, the underlying policy is to promote the efficient adjudication of a matter through the appellate process, rather than to create piecemeal appeals that extend a dispute unnecessarily. See 18B C. Wright et al., Federal Practice and Procedure § 4478.6, at 820–27 (2002). Courts recognize exceptions to the forfeiture or waiver rules, as for example where the issue not raised is a matter of subject matter jurisdiction, which can be raised at any time, see United States v. Adesida, 129 F.3d 846, 850 (6th Cir. 1997), or a matter that the party would have had little incentive to raise because of its status as an appellee in the prior appeal, see, e.g., Crocker v. Piedmont Aviation, Inc., 49 F.3d 735, 740 (D.C. Cir. 1995). But here, Grandview Acres offers no such reason for failing to raise this issue in its first appeal. The court notes that the small claims court rules of procedure emphasize the informality of small claims court. V.R.S.C.P. 1 ("These rules shall be construed to secure the simple, informal, and inexpensive disposition of every action subject to them."). But a small claims appellant with $3,560 at stake has no reason not to raise an issue that it disputed before the small claims court in its first hearing. See Trudo, No. S1211-04 CnC, slip op. at 2 n.1. Accordingly, the court considers Grandview Acres' first argument forfeited.

Turning to the second issue, Grandview Acres argues that the plaintiffs did not seek approval from the Grandview Acres Board of Directors for the replacement of windows and the glass sliding door. Therefore, the Board never had an opportunity to review and approve the suggested replacements.

This court's standard of review on small claims appeals is one of high deference. Small claims court findings "must be construed, where possible, to support the judgment" and the procedural informality of small claims does not authorize an appellate court to make its own substantive findings. Kopelman v. Schwag, 145 Vt. 212, 214 (1984).

Here, Grandview Acres's argument contests the small claims court's factual findings. The small claims court found that the plaintiffs were not required to submit a request for approval after being expressly told (erroneously, as it turned out) that Grandview Acres did not need to cover window replacement costs. When they found out that the windows were covered as common areas, the plaintiffs submitted a letter to the Grandview Acres Board seeking reimbursement. This was as much as the Board's informal procedures required, as the small claims court reasonably found from the evidence taken on remand. This court does not find any error in these findings. The court's primary concern in its first appellate decision was to ensure that the

plaintiffs did not engage in self-help at the expense of procedures established by Grandview Acres for seeking reimbursement. The small claims court findings adequately meet this concern.

Finally, Grandview Acres argues that the evidence that the plaintiffs provided to the small claims court regarding the amount of damages was inadequate. Grandview Acres argues that some kind of bill or invoice was necessary to assess damages. This court disagrees. The Vermont Rules of Small Claims Court Procedure provide that, where the case is tried before a trial court judge, "evidence is admissible if it is of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs, and the Vermont Rules of Evidence are inapplicable except for the rules respecting privilege." V.R.S.C.P. 6(b). Moreover, as noted above, the rules emphasize the simple, informal, and inexpensive disposition of claims. V.R.S.C.P. 1. Accordingly, testimonial evidence regarding the cost of the plaintiffs' windows was adequate to support the small claims court findings.

The small claims court judgment is AFFIRMED.


Dated at Burlington, Vermont, April 28, 2005.


_____/s/_____
Judge

3