*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-144

AUGUST TERM, 2011

| | |
|---|---|
| Christine Lamothe | }     APPEALED FROM: |
| | } |
|   v. | }     Superior Court, Chittenden Unit, |
| | }     Family Division |
| | } |
| Christopher LeBlanc | }     DOCKET NO. F856-10-00 Cndm |
| | |
| |     Trial Judge: Linda Levitt |

In the above-entitled cause, the Clerk will enter:

Father appeals from the trial court's on-the-record denial of his motion to modify parental rights and responsibilities. We affirm.

The record indicates the following.[*] Father and mother are the parents of son D.L., born in January 2000. The parties stipulated to parental rights and responsibilities and parent-child contact in October 2001. Father later filed two motions to modify parental rights and responsibilities one in October 2004 and again in October 2005. Both motions were apparently resolved by agreement. In March 2008, father filed another motion to modify, which was denied after a hearing. He filed another in March 2009, which was denied. In reaching its decision as to the March 2009 motion, the court noted that the motion was identical to father's prior motion. In February 2011, father filed the motion to modify at issue here. Father asserted that mother was ignoring the child's academic needs. He also expressed concerns about the child's emotional well-being, and his exposure to second-hand smoke in mother's home. Father sought sole legal and parental rights and responsibilities, and requested that the contact schedule be amended to allow the child to stay with him Monday through Friday and every other weekend.

Following a hearing, the court denied father's motion on the record, finding no real, substantial, and unanticipated change in circumstances. It explained that father had raised the same issues in his prior motions, and essentially, the motions reflected the parties' different parenting styles. Father was much more structured and intensive than mother, and he put the child's academics at the forefront. Mother was more laid back, and believed that the child should be exposed to a variety of activities, rather than focusing exclusively on academics. The court concluded that mother's different parenting approach did not constitute changed circumstances, and it thus denied father's motion. This appeal followed.

---

[*] Our review is confined to the record, and we have not considered materials that were not presented to the trial court below. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (Supreme Court's review on appeal is confined to the record and evidence adduced at trial; Court cannot consider facts not in the record). To the extent that mother moves to strike materials contained in father's filings that fall outside of the record, her motion is granted.

Father first argues that his evidence was sufficient to demonstrate a real, substantial, and unanticipated change in circumstances. He maintains that the court disregarded the child's academic needs and failed to appreciate the significance of the fact that the child had been diagnosed with a specific learning disability. Father cites the child's low test scores, and asserts that mother is not doing enough to address the child's educational needs. Father also points to the fact that he now lives in the same school district as the child and is available to care for the child full-time. Additionally, he states that conditions in mother's home have been deteriorating.

As reflected above, the trial court may modify a parental rights and responsibilities order upon a showing of real, substantial and unanticipated change of circumstances where the modification is in a child's best interests. 15 V.S.A. § 668. The moving party bears "a heavy burden to prove changed circumstances," and the trial court has discretion in determining if the moving party has met its burden. Spaulding v. Butler, 172 Vt. 467, 475-76 (2001).

We find no abuse of discretion here. The court considered father's arguments, which he had raised in his prior motions, and found them unpersuasive. Father essentially asks this Court to reweigh the evidence, which we will not do. "As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." Cabot v. Cabot, 166 Vt. 485, 497 (1997). The court did not disregard the child's academic needs, as father suggests. It recognized that the child had learning disabilities, and that wife took a different approach to parenting than husband. Mother believed the child should participate in other extra-curricular activities like music lessons and hunting; father believed that the child should focus more heavily on developing his academic skills. The court found value in both positions. In the end, however, it found that father's concerns reflected a different parenting style than mother as opposed to demonstrating a real, substantial and unanticipated change in circumstances. Additionally, as noted above, these same issues were raised and rejected in father's prior two motions to modify. This includes the concerns abut the child's academic progress, concerns about another child of mother's, father's move to the child's school district, and father's availability to parent the child full-time. The fact that father disagrees with the court's conclusion does not demonstrate an abuse of discretion.

Father next argues that he was denied the opportunity to fully present his case. He complains that the trial court erred by: stopping him from reading his opening remarks; finding certain evidence inadmissible; failing to give him more time to present his case, including time to subpoena various witnesses; and failing to issue written findings. Father also cites his pro se status in support of these arguments.

As an initial matter, it is not clear that father was cut off in making his opening remarks. More importantly, the record shows that father was provided ample opportunity to present his case. See Coty v. Ramsey Assocs., Inc., 149 Vt. 451, 462 (1988) (recognizing that trial court has broad discretion "in controlling the interrogation of witnesses and the presentation of evidence"). The court recognized father's arguments in reaching its decision; it simply found them unpersuasive.

As to father's evidentiary arguments, the record shows that he sought to introduce a stack of documents, including emails, school reports, and other materials, into evidence. These documents were apparently intended to support his assertion that mother was failing to meet the child's educational needs. Mother objected, arguing that without someone to interpret the school reports and other related materials, she could not discern their meaning. She indicated that these documents should not be admitted through father's testimony. The court sustained her objection. Even assuming arguendo that some of these documents were improperly excluded, we discern no harm. Father

testified that the child had a learning disability, that he was on an Individualized Education Program (IEP) at school, and that his New England Common Assessment Program (NECAP) scores were well-below average. He testified to his belief that mother was not doing a sufficient job in meeting the child's educational needs. The court questioned mother about missed summer school sessions, and queried whether there were areas in which she could do more to meet D.L.'s educational needs. The court was simply not convinced that these issues rose to the necessary level to support modification of parental rights and responsibilities.

As part of the oral exchange about the admission of father's evidence, father indicated that he had a list of witnesses who could interpret the written educational documents at issue. The court stated that the witnesses needed to be subpoenaed and paid. It explained that father could have subpoenaed these witnesses for the hearing, but he had not done so. The court also noted that father was raising this same issue for the third time. The court was properly mindful of father's pro se status, and it did not err in requiring father to have his witnesses present on the date of the motion hearing. While pro se litigants receive some leeway from the courts, they are still "bound by the ordinary rules of civil procedure." Vahlteich v. Knott, 139 Vt. 588, 591 (1981). Finally, there is no indication that father requested written findings from the court, and we find no error on this point. Certainly, the court's on-the-record findings are sufficient to "enable this Court, on appeal, to determine how the trial court's decision was reached." Mayer v. Mayer, 144 Vt. 214, 216 (1984).

Father next asserts that the court failed to directly address his request to modify parent-child contact. Father sought to modify the contact arrangement to have the child with him twenty-four out of twenty-eight days per month, or 86% of the time. It is true, as father asserts, that "[t]he burden of showing changed circumstances with respect to a motion to alter parent-child contact is 'not as high' as the heavy burden of showing changed circumstances with respect to a motion seeking a change of custody." Hawkes v. Spence, 2005 VT 57, ¶ 20, 178 Vt. 161. Nonetheless, it is evident that the court found no basis for the substantial modification in parent-child contact requested by father for the same reasons set forth above.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice