*Alden v. Richardson*, 529-9-16 Wncv (Teachout, J., Apr. 14, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 529-9-16 Wncv** |
| | |
| **AMANDA (NASH) ALDEN** | **on appeal from** |
|     **Tenant–Appellant** | |
| | **Small Claims** |
|       **v.** | **Docket No. 75-3-16 Wnsc** |
| | |
| **GREG RICHARDSON** | |
|     **Landlord–Appellee** | |

## DECISION ON APPEAL

Tenant–Appellant Amanda (Nash) Alden has appealed from a small claims judgment in favor of Landlord–Appellee Greg Richardson. Mr. Richardson filed this case seeking 1 month of unpaid rent, 1 month loss of rent (during which he repaired the premises), damages for harm to the premises, and attorney fees. Ms. Alden counterclaimed seeking double the amount of the security deposit, alleging that Mr. Richardson had failed to give timely notice of withholding. The small claims court awarded some of the damages sought by Mr. Richardson, including attorney fees, but did not award damages for replacement of the carpet or painting. It did not award double security deposit damages to Ms. Alden. Ms. Alden raises numerous issues on appeal.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

The court has listened to the recording of the small claims hearing and reviewed the entire record of this case. No party objected to any documentary evidence that was admitted. Along with the parties, Mr. Richardson's contractor testified as did Ms. Alden's mother-in-law. At the end of the hearing, the small claims court took the case under advisement and later issued a written decision. The findings are exceptionally sparse and, for the most part, do not address specific damages items individually. On appeal, Ms. Alden raises numerous objections to the small claims court's findings. Except as noted below, the court concludes that the record supports the judgment.

1

The thrust of the small claims decision is as follows. Ms. Alden rented the premises from Mr. Richardson for nearly 4 years. The rent was $850 per month at the end of the occupancy. An $800 security deposit was paid directly to Mr. Richardson by what is now known as Capstone Community Action. The agreement was that at the end of the term it would be returned, minus withholdings, to Capstone and not to the tenant on behalf of whom it was paid.

Ms. Alden moved out of the premises on August 15, 2015. She alleged that she had given Mr. Richardson 30 days notice but the court found that he did not get notice until he discovered on August 18 that she had vacated. She did not pay rent for the final month of her occupancy. A new tenant moved in at the end of September, before which Mr. Richardson repaired the property.

The small claims court rejected Mr. Richardson's two most substantial claims for painting and carpet replacement despite evidence in support of them. The court evidently found credible Ms. Alden's testimony that the carpet was old when she moved in and that she was not the cause of its poor condition, and evidently did not find that Mr. Richardson supported his claim for repainting costs with credible evidence.

The court awarded damages for unpaid rent and property damages beyond wear and tear as follows:

| | | |
|---|---|---|
| Unpaid rent August 2015 | $850 | |
| Lost rent September 2015 | $850 | |
| Entry door replacement | $425 | |
| Window repair | $87 | |
| Cleaning | $300 | |
| Carpet cleaning | $80 | |
| Flea bombing | $30 | |
| Replacement light cover | $12 | |
| Replacement towel rack | $30 | |
| Repair holes in wall | $173 | Total: $2837 |

To this amount were added attorney fees ($1,260) and court costs ($90), and the withheld security deposit ($800) was then deducted.

Based on these figures, the judgment should have been $3387. In fact, the court entered judgment for $4,647, apparently double-counting attorney fees.

While the court did not make specific findings on each item of claimed damages, it clearly found Mr. Richardson and his contractor more credible with respect to each of the above items than the testimony provided by Ms. Nash and her mother-in-law. Determining the credibility of witnesses when competing testimony is given is clearly the role of the finder of fact, who was the small claims judge.

Ms. Alden raises the following issues on appeal.

2

1.      *Mathematical error in calculation of the judgment*

Ms. Alden is correct that the small claims court miscalculated the judgment amount by double counting attorneys' fees.  The judgment will be corrected accordingly.

2.      *Written notice to vacate and timing of new tenants*

Ms. Alden objects that timely written notice to vacate was given to Mr. Richardson and new tenants took possession at the end of August, not the end of September.  The court clearly found in Mr. Richardson's favor on both issues.  On appeal, the court cannot substitute its view of the evidence.  The small claims court was the finder of fact and there was evidence in the record to support these findings.  Ms. Alden did not present any evidence at the hearing as to when the new tenancy began.  The court cannot consider new evidence on appeal.

3.      *Legal fees*

Ms. Alden argues that she should not be responsible for legal fees incurred before she even vacated the property and that the total amount of fees is unreasonable.  However, an itemized statement of the fees is in the record and was supported by an affidavit from Mr. Richardson's attorney.  The statement shows that Mr. Richardson first consulted his attorney *after* Ms. Alden vacated the property and that the fees clearly were incurred in relation to collection of a debt related to the lease and were authorized by the terms of the lease.  Neither the hourly rate nor the total hours billed is unreasonable, and Ms. Alden did not raise this matter at the hearing.

4.      *Light cover*

Ms. Alden disputes the $12 charge for the missing light cover.  She claims that it is the same missing light cover documented in some housing inspection reports.  However, she did not present that testimony at the hearing and the court found that it was her responsibility.  Again, the court, on appeal, cannot substitute its view of the evidence for that of the small claims court.

5.      *Text messages*

The small claims court admitted certain text messages into evidence, as transcribed by Mr. Richardson.  Ms. Alden now objects he made them up and they should not have been admitted.  However, she did not object to their admission at the hearing or testify she disagreed with their content.  In any event, it is not clear that the small claims court relied on them in any meaningful way.  If there was any error in admitting Mr. Richardson's transcriptions, it was harmless.  V.R.C.P. 61.

6.      *Entry door*

Ms. Alden objects to the entry door replacement charge, arguing that the problem, as documented in a housing inspection report, was there at the inception of her tenancy.  However,

3

the problem documented in the report, referring to trim work, was different and evidently was taken care of at some point. The door eventually was replaced because the lock and the area around it were severely damaged and no longer worked. Though Ms. Alden testified that the damage was caused by an intruder, not a resident of the property, the court appears to have credited Mr. Richardson's testimony that the tenants caused the damage by breaking the door open.

### 7. *Cleaning charge*

Ms. Alden claims that the cleaning charge should be removed because she cleaned the apartment before she vacated and no receipt for the expense was presented by Mr. Richardson. The record did include a $300 estimate of the cleaning expense by Mr. Richardson and Ms. Alden did not challenge that at the hearing. The record also included evidence that the apartment had been left in a state that required cleaning after Ms. Alden vacated. The finding is not without supporting evidence and did not require more tangible evidence, such as a receipt, than was provided.

### 8. *Holes in the wall*

Ms. Alden argues that there was no evidence presented that the holes in the wall were fixed or that she should be responsible for them. However, Mr. Richardson's contractor testified that he saw the large holes in the wall and the claim was for their repair. If Ms. Alden disputed that they were ever repaired, or what the reasonable value of the repair should have been, she needed to have presented that evidence at the hearing. She did not. She did disclaim responsibility for the holes, but the small claims court clearly found to the contrary.

### 9. *Carpet cleaning*

Ms. Alden objects that there was no "physical evidence" of this charge, presumably referring to a receipt or some other tangible proof of the charge. She also claims that she should not be required to pay it because the small claims court found her not liable for the carpet. However, while documentary proof of the expense may have bolstered Mr. Richardson's claim, it was not required, and Ms. Alden did not object to this expense at the hearing. The small claims court found her not responsible for *replacement* of the carpet; it did not find her immune to any claim at all for the carpet, and there was evidence of pet urine stains, indoor smoking, and odors.

### 10. *Towel rack*

The record contains clear evidence (the receipt) for the purchase of two towel racks ($30). Ms. Alden argues now that the property only had one towel rack and it is the one that remains. However, she had to raise this matter with the small claims court and did not. She cannot present disputes of fact on appeal for the first time because this court, on appeal, cannot revise findings of fact that have evidentiary at least some evidentiary support.

4

11. *Flea bombing*

Apparently, when Ms. Alden vacated the property, it was infested with fleas. She objects that she should not be responsible for the subsequent "flea bombing" because the cats responsible belonged to her neighbors, not her. However, there was evidence (testimony of Mr. Richardson's contractor) that she permitted the cats in the house. It is immaterial that someone else actually owned the cats.

12. *No lease*

Ms. Alden objects that there was no lease in effect when she vacated the property. This evidently is in response to the small claims court's statement that she breached a number of the lease provisions and would be made responsible for attorney fees. The written lease agreement has a provision saying that it automatically renews until it is terminated. In any event, fees were available pursuant to 9 V.S.A. § 4456(e) and the court expressly said that they were awarded because Ms. Alden did not take care of the property. On this record, that was sufficient.

## ORDER

The small claims judgment will be entered in the corrected amount of $3,387.00. Otherwise, the decision of the small claims court is affirmed.

Dated at Montpelier, Vermont this ____ day of April, 2017.

_____
Mary Miles Teachout
Superior Judge

5