*Stafford v. Huber*, No. 197-4-18 Wncv (Teachout, J., Aug. 24, 2018).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**
**Washington Unit**

**CIVIL DIVISION**
**Docket No. 197-4-18 Wncv**

**Ely M. Stafford**
      **Plaintiff–Appellant**

**on appeal from**

**Small Claims**
**Docket No. 276-10-17 Wnsc**

**v.**

**Dr. Brian H. Huber**
      **Defendant–Appellee**

### DECISION ON APPEAL

Plaintiff–Appellant Ely M. Stafford has appealed from a small claims judgment in favor of Defendant–Appellee Dr. Brian H. Huber, a periodontist. Ms. Stafford disputed a fee for an appointment in which Dr. Huber determined that he could not perform the necessary dental work and referred her elsewhere. Following the appointment, she paid $30 to stop payment on the check for the appointment fee. Dr. Huber was never paid for the appointment. Her claimed damages in the small claims case consist of that $30 stop payment fee. The small claims court concluded that it was reasonable for Dr. Huber to do an evaluation and charge for it, even though he ultimately concluded that he could not perform the necessary work. Ms. Stafford has appealed, essentially raising the same arguments on appeal as she did before the small claims court.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

The court has listened to the recording of the small claims hearing and reviewed the entire record of this case. The crux of Ms. Stafford's claim is her allegation that her husband clearly articulated to Dr. Huber's office that she needed a very particular procedure related to tightening some bridge work. He claim is that the office was so informed, it then scheduled an appointment, Dr. Huber then advised her that he did not perform that type of procedure, referred her elsewhere, and charged her for, in her view, nothing.

The evidence presented at trial was more nuanced. Dr. Huber, the court found, does periodontal work with implants, and particularly the type that Ms. Stafford had. As explained in

the testimony, there could be several reasons that Ms. Stafford's bridge was "loose" and that usually is due to the implants. He would need to do an evaluation to determine causation. The small claims judge was not persuaded that Ms. Stafford or her husband clearly articulated the need for a very specific procedure or had any expertise to enable them to determine that. To the extent they believe that other doctors had advised them of that, there was no clear evidence that any such professional opinion ever was disclosed to Dr. Huber. The parties had no ongoing relationship. This was the only appointment Ms. Stafford ever had with Dr. Huber.

The court concluded that, in these circumstances, it was reasonable for Dr. Huber to do an evaluation and determine whether any problem was something he could handle (implants) or would have to refer elsewhere (specific bridge-tightening work). He concluded that he needed to make a referral. The court found that the fee charged was reasonable.

In short, though Ms. Stafford clearly feels as though she got nothing for her trouble, the small claims court found that she engaged Dr. Huber to provide a service reasonably within the scope of his expertise and he provided it. There is no error.

## ORDER

The judgment of the small claims court is affirmed.

Dated at Montpelier, Vermont this _____ day of August 2018.


_____
Mary Miles Teachout,
Superior Judge