*Barron v. VT Doc and Geo Group, Inc.*, 682-12-18 Wncv (Teachout, J., Apr. 2, 2019)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 682-12-18 Wncv** |
| | |
| **DAVID BARRON** | **on appeal from** |
|     **Plaintiff–Appellant** | |
| | **Small Claims** |
|     **v.** | **Docket No. 314-7-18 Wnsc** |
| | |
| **VT DOC and GEO GROUP, INC.** | |
|     **Defendants–Appellees** | |

## DECISION ON APPEAL

Plaintiff–Appellant David Barron, a Vermont inmate, has appealed from a small claims judgment in favor of Defendants–Appellees the Vermont Department of Corrections and GEO Group, Inc., operator of the Michigan facility where Mr. Barron was housed prior to his transfer to a Pennsylvania facility. Mr. Barron presented two claims related to lost personal property to the small claims court: one related to property taken to Pennsylvania, and one related to property shipped from the Michigan facility to his daughter in Vermont to avoid taking it to the Pennsylvania facility.[1] Mr. Barron claims that the Pennsylvania property was confiscated by the Pennsylvania facility, and the other property was shipped via UPS from Michigan to his daughter but she never received it. The small claims court ruled in Defendants' favor on both claims. Mr. Barron's notice of appeal specifically says that he is not appealing the ruling regarding the property confiscated by the Pennsylvania facility. Accordingly, on appeal, the court considers only the small claims court's ruling on the property shipped to Mr. Barron's daughter.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the small claims court has applied the correct law, this court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The court's review of the small claims court's legal conclusions, however, is "non-deferential and plenary." *Maciejko*, 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)). The court has listened to the recording of the small claims hearing and reviewed the entire record of this case.

The small claims court addressed Mr. Barron's claim about property shipped to his daughter on pages 6–8 of its decision.[2] As the court recounted, Mr. Barron testified that his

---

[1] Although the scope of Mr. Barron's claims are difficult to discern in his written materials, he clearly articulated them at the beginning or the small claims hearing.

[2] To the extent that Mr. Barron argues that the small claims court found in error that the Michigan facility is subject

items were shipped to his daughter and that she reported to him that she never actually received them.[3]  He argued that GEO (or the State) has liability for the loss because it should have insured the packages or required a signature at the time of receipt to ensure that his daughter actually received them.  In short, he argued that Defendants, having facilitated the shipment(s) via UPS, in some manner guaranteed that his daughter would receive them.  The court clearly found a lack of evidence that GEO or the State did anything negligent and similarly found no basis to hold either liable for guaranteeing the proper receipt of any shipped items.

Mr. Barron claims that GEO or the State is liable for the missing property, referring to legal theories such as bailment, strict liability, guarantee, etc.  All such claims fail for lack of any evidence.  To the extent that Michigan or Vermont personnel took possession of Mr. Barron's property, they evidently did so merely to facilitate its shipment via UPS to Mr. Barron's daughter.  There was no evidence presented that they undertook any additional duty to ensure that that his daughter received the shipment from UPS.  There also was no evidence presented to the effect that Michigan or Vermont personnel did anything negligent to cause Mr. Barron's daughter to not receive whatever was sent to her.  On this basis, his claim fails.

ORDER

For the foregoing reasons, the small claims court's judgment is affirmed.

Dated at Montpelier, Vermont this _____ day of April 2019.

_____
Mary Miles Teachout,
Superior Judge

---

to the Interstate Corrections Compact, 28 V.S.A. §§ 1601–1621, the court declines to address that issue.  It has no apparent bearing on any issue on appeal.

[3] The court declines to address evidence (such UPS tracking information) first submitted by Mr. Barron after the close of the evidence or claims never presented at the small claims hearing.