STATE OF VERMONT

SUPERIOR COURT
Windsor Unit

CIVIL DIVISION
Docket Nos. 24-CV-2755
and 24-CV-2847

CRAIG OLSEN and CAROLINE OLSEN
    Plaintiffs–Appellants

on appeal from

Small Claims

v.

Docket Nos. 23-SC-1730
and 23-SC-1731

LOUIS E. BAKER CONSTRUCTION, LLC
    Defendant–Appellee

DECISION ON APPEAL

Plaintiffs appeal from a small claims judgment in favor of Defendant contractor, who worked for them on construction projects at two sites, their home and a child care center. Plaintiffs filed claims for overpayment for the value of the work done, damage to their property, and punitive damages. A one-day evidentiary hearing was held on both claims on June 3, 2024.

In a written Decision of July 11, 2024, the Small Claims Judge made two pages of findings of fact and concluded on a third page that Plaintiffs had not met their burden to prove (a) misrepresentations or misappropriation of labor costs charged, (b) breach of contract, or receipt of benefits for work not performed. or the amount of damages claimed in connection with that claim, and (c) damage to property. Accordingly, judgment was entered for the Defendant.

On appeal, Plaintiffs, representing themselves, ask the court in a two-page Statement of Issues to set aside the judgment based on perjury and legal error. They also filed three exhibits in support of their arguments. Defendant's counsel, Attorney Michael Hanley, filed a Response, and Plaintiffs filed a Reply.

The court has listened to the audio recording of the small claims hearing and reviewed the documents filed by the parties and the records of the cases in the small claims court.

An appeal from a small claims judgment is heard and decided "based on the record made in the small claims court." 12 V.S.A. § 5538. An appeal is not a second opportunity for parties to prove their claims with new or different evidence or arguments, or for the appellate court to do an independent evaluation of the evidence. The findings of fact of the small claims judge must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 213-214 (1984). The "appeal is limited to questions of law." Vermont Rules of Small Claims Procedure Rule 10(d). If there is evidence for the findings and the small claims court has applied the correct law, this court will affirm the "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2*, 171 Vt. 542, 543 (2000) (mem.).

1

The two grounds asserted by Plaintiffs as bases for reversal are perjury and legal error.

*Perjury*

Plaintiffs claim that all of Mr. Baker's testimony on behalf of Defendant should be treated as "inadmissible and disallowed" based on perjury. "In this case, the Defendant's testimony should be suppressed in its entirety due to clear and blatant perjury." Appellants' Statement of Issues, page 1. Plaintiffs cite as examples of perjury:

- that Mr. Baker testified that he put a mechanic's lien on the property; Plaintiffs have filed Exhibit A with their Statement of Issues, which is an affidavit from the Town Clerk that there is no lien on Plaintiffs' property
- that Mr. Baker testified that he made payments to the materials supplier and his account was in good standing; Plaintiffs have filed in support Exhibit B, which is an Information from the State's Attorney with attached affidavit that includes a statement on which they rely in support of their perjury claim
- that Mr. Baker claimed certain invoices from the materials supplier related to the Plaintiffs' jobs whereas Plaintiffs contend they did not; Plaintiffs filed Exhibit C, which is a list of expenditures for materials and labor, apparently prepared by Plaintiffs after the judgment, in support of their claim of what the court should have found the expenses to be
- that Defendant admitted a fraudulent invoice to the court.

Plaintiffs' request for this court to overrule the Decision on grounds of perjury cannot succeed as a matter of law. First, an appellate court "must review the evidence in the light most favorable to the prevailing party, excluding the effects of any modifying evidence, and accept the findings of the trial court unless clearly erroneous." *Whipple v. Lambert,* 145 Vt. 339, 341 (1985), citing *Economou v. Economou,* 136 Vt. 611 (1979). All issues of credibility of witness testimony and reliability of evidence are within the determination of the trial judge. *Id.* This means that if the trial evidence includes evidence that is contradictory, with some favoring one party and some favoring the opposing party, the appellate court must uphold the findings of the trial judge on credibility determinations as long as there is evidence that favors the prevailing party's evidence on an issue. The appellate court is not free to undo the trial judge's findings of fact on that issue in favor of the other party's evidence.

The court has listened to the full audio recording of the trial hearing. There were many issues on which the parties' testimony differed such that the court was called upon to make decisions about what testimony and evidence was credible. Most of the disputed facts were central to the critical issues on the claim.[1] The record of the hearing shows that there was sufficient evidence to support the findings of fact of the trial judge on each issue that involved credibility. Therefore, consistent with the standard set forth above, the findings of the trial judge must stand.

It is also noted that the rules of appellate procedure do not permit this court to consider

---

[1] There were also disputes about matters not needed for credibility determinations or factual findings by the court.

the exhibits filed by the Plaintiffs in this appeal. Additional evidence cannot be admitted during an appeal. In their Response filed August 15, 2024, Plaintiffs misinterpret the *Whipple* standard, and offer evidence contained in Exhibits A, B, and C. They state that "according to *Whipple,* this court must consider **the effects of any modifying evidence.** Caroline and Craig Olsen have submitted four instances of clear and blatant perjury (i.e. modifying evidence under *Whipple)* by Mr. Baker." [Emphasis in original.] Plaintiffs ask the court to consider this as evidence of perjury and therefore discount all of Mr. Baker's testimony.

The appellate rules do not allow this court to consider any new evidence. The decision on appellate review must be based solely on the record of the trial in the small claims court. Vermont Rules of Small Claims Procedure Rule 10(c)(1). Therefore, this court cannot consider Exhibits A, B, and C.[2] The opportunity for Plaintiffs to challenge the truthfulness of witness testimony or the accuracy and credibility of documentary evidence was during the trial itself. In *Whipple,* the phase "the effects of any modifying evidence" refers to evidence that was admitted during the trial. It does not authorize the filing of new evidence once a trial court has ruled on the case based on evidence at trial.

For these reasons, the argument that Defendant's evidence should be excluded on the basis of perjury is not supported as a matter of law.

*Legal Error*

Plaintiffs argue that their evidence shows that Defendant billed for goods and services he did not provide and that the total amount paid to Defendant exceeded the value of work completed by Defendant. They argue that the court erred in concluding, in reliance on what they consider to be perjured evidence, that the amount billed by Defendant and paid by Plaintiffs was supported by the evidence.

The Decision of the trial Judge shows that he considered the credibility of all witnesses. He addressed the Plaintiffs' challenge to Defendant's evidence as to the amount of labor invested in the projects and found that there was an "unfortunate miscommunication" at one point and that during the pertinent communication each referred to different things with their numbers. The Judge "found defendant to be credible in his explanation" and concluded that Plaintiffs "have not persuaded the court by a preponderance of the evidence that defendant misrepresented or misappropriated the amount of labor costs on the projects." (Page 3). The Judge also found that Defendant presented "credible evidence" as to the expenses, time, and labor invested in the project. He also analyzed whether there was sufficient written documentation as to the work to be performed to establish the terms of the parties' agreement. He found that "the work actually completed was described in only the most general of terms. It is not clear to the court what work was contemplated nor what work was performed. In other words, plaintiffs failed to meet their burden of proof." *Id.*

The Decision shows that the Judge weighed the credibility of the evidence and weighed it in relation to the Plaintiffs' burden of proof on two alternative legal grounds: breach of contract

---

[2] In Appellee's August 9, 2024 Response to Plaintiffs' Statement of Issues, Attorney Hanley makes factual representations contesting specific perjury allegations. Any such facts have not been used by this court.

and unjust enrichment. "Plaintiffs did not persuade the court by a preponderance of the evidence that a breach of contract occurred, nor that defendant received benefits for work that he failed to perform." Plaintiffs apparently only argue that they were required to pay for the "value received (the benefit-of-the-bargain damages)." Statement of Issues, page 2. This shows that they based their claim on the legal cause of action of unjust enrichment (also called quasi-contract or implied contract), The small claims judge also considered whether the parties' relationship was one based on contract law and concluded that the burden of proof was not met on either theory.

The Decision showed that the court analyzed the credibility of evidence, addressed alternative legal grounds that might apply, and found that the burden of proof had not been met by the Plaintiffs' evidence on either potentially applicable legal claim. There was no legal error in the application of law used by the trial Judge in reaching the decision.

Plaintiffs also asserted a claim that Defendant caused damage to their property during the project. The Judge analyzed the evidence under the law of negligence and found that "[n]o credible evidence was introduced to explain how the damage occurred, nor to establish that the damage was the result of negligent actions on the part of the contractors. . . For this reason, plaintiffs did not persuade the court by a preponderance of the evidence that any amounts should be awarded for negligence." *Id.* Plaintiffs have not shown that there was legal error in the application of the law of negligence to their property damage claim.

In their statement of issues, Plaintiffs claim that the court "also failed to enter invoices that Plaintiff provided relating to the child care project." Plaintiffs have not identified the specific documents, nor the basis for an argument that they should have been admitted, nor a reason that if the documents had been admitted, they would have changed the outcome.

## ORDER

For the reasons set forth above, the Decision and Judgment of the Small Claims Court is *affirmed.*

Electronically signed September 19, 2024 pursuant to V.R.E.F. 9 (d).

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned

4