Vermont Superior Court
Filed 10/17/23

SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03258

---

Matthew Morgan v. VT Dept. of Corrections

---

## Ruling on Appeal From the Small Claims Court

Plaintiff–Appellant Mr. Matthew Morgan appeals from a small claims judgment in favor of Defendant–Appellee Vermont Department of Corrections ("DOC"). The dispute arises over Appellant's claim that Defendant failed to properly maintain and return to him personal property that DOC collected from him while he was in its custody. The DOC maintained below and offered supporting evidence that Appellant had failed to exhaust his administrative remedies regarding the return of such property. The Small Claims Court (SCC) agreed with the DOC and entered judgment in its favor.

The matter came for an appellate hearing before this Court on October 16, 2023. Appellant failed to appear. The Appellee appeared through Assistant Attorney General Tibbott. While Appellant did not appear, he did submit a memorandum of law.

The Court has reviewed the SCC hearing recording, considered the written submissions of the parties, and the oral argument of the DOC. It makes the following determinations.

## Standard of Review

In seeking to overturn the judgment of the SCC, Mr. Morgan faces a significant hurdle. An appeal from a small claims judgment is heard and decided "based on the record made in the SCC." 12 V.S.A. § 5538. The "appeal is limited to questions of law." V.R.S.C.P. 10(d). If the SCC has applied the correct law, this Court will affirm its "conclusions if they are reasonably supported by the findings." *Maciejko v. Lunenburg Fire Dist. No. 2,* 171 Vt. 542, 543 (2000) (mem.). In turn, the findings of fact must be supported by the evidence, *Brandon v. Richmond*, 144 Vt. 496, 498 (1984), and such findings "must be construed, where possible, to support the judgment," *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). The Court's review of the SCC's legal conclusions, however, is "non-deferential and plenary." *Maciejko,* 171 Vt. at 543 (quoting *N.A.S. Holdings, Inc. v. Pafundi*, 169 Vt. 437, 439 (1999)).

## Analysis

Appellant's memorandum raises a number of issues. The primary points are that he asserts that the DOC grievance procedure does not apply to him because his property was not "lost, missing, or damaged;" and that the DOC's witness below indicated that the forms for the grievance procedure may not have been easily available to Appellant after he transitioned to federal custody.

32 V.S.A. § 932 establishes that a person must avail himself of an available administrative remedy prior to initiating a claim in court. The SCC determined that DOC's grievance policy is such a remedy, that it was available to provide a potential remedy for Appellant's claim, and that he failed to pursue that remedy.

The Court agrees with that determination as a legal matter, and the evidence below supports the judgment of the SCC. The evidence submitted by the DOC confirmed that the DOC has a grievance procedure governing claims of lost, missing, or damaged property; that it was available to Appellant; and that he failed to pursue that process prior to filing this suit.

To the extent Appellant suggests that his claim does not fall under that policy, the Court disagrees. The policy is broad enough to cover Appellant's claim in this case. Further, the evidence offered at the SCC trial shows that it was available to Appellant. While the forms may not have been readily available at a federal facility, the evidence does not support the conclusion that Appellant could not have obtained the forms and prosecuted his case.[1]

This Court is not empowered to reweigh the evidence before the SCC. Instead, its task is to examine the record to see whether the evidence and findings can be "construed … to support the judgment." *Kopelman v. Schwag*, 145 Vt. 212, 214 (1984). In this case, they can.

---

[1] In addition to the evidence below, the DOC confirmed at oral argument that the grievance process has been used successfully by other persons who have transferred to federal custody.

## Conclusion

Based on the foregoing, the judgment of the SCC is affirmed.

Electronically signed on Monday, October 16, 2023, pursuant to V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge